Case No.

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SG    MAR 10 2015

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

S/ISS   R#-351 6/682

1

2

3

4

5        **UNITED STATES DISTRICT COURT**
         **WESTERN DISTRICT OF WASHINGTON**
6                     **AT SEATTLE**

7

8  GREGORIO G. DIAZ and MARIA T. DIAZ,          CASE NO.
   HARRY BEGGS
9            Plaintiffs,                **15  CV-00359 RSL**

10       v.

11

12  GREEN TREE SERVICING  LLC
    And AAMES FUNDING CORPORATION
13  DBA AAMES HOME LOAN,

14                                           JURY TRIAL DEMANDED
             Defendants.

15       **PLAINTIFFS v. DEFENDANTS, GREEN TREE SERVICING LLC; AAMES**
              **FUNDING CORPORATION DBA AAMES HOME LOAN**
16  **Damages And Declaratory Relief Action In Favor Of Plaintiffs And Against Defendants,**
    **GREEN TREE SERVICING  LLC; AAMES FUNDING CORPORATION DBA AAMES**
17  **HOME LOAN's**
                        **COUNT ONE:**
18    **Pattern Of Racketeering Activity Pursuant To 18 U.S.C. §§ 1961(1)(A) And (B),**
       **And Did So In Violation Of The RICO Law At 18 U.S.C. 1962(B) And**
19              **18 U.S.C. §§ 1964, (Prohibited Activities)**
                     **(Civil RICO Remedies)**
20                       **COUNT TWO:**
           **Violation of 18 U.S.C. §§ 1961(5), 1962(c)**
21                     **COUNT THREE:**
           **Violation of 18 U.S.C. §§ 1961(5), 1962(d)**
22                     **COUNT FOUR:**
           **Violation of 18 U.S.C., SECTIONS 1341, 1343**
23                     **COUNT FIVE:**
              **Violation of 18 U.S.C. § 1001**
24                      **COUNT SIX:**
              **Violation of 18 U.S.C. § 1005**
25

1

Case No.

**COUNT SEVEN**
**FRAUD**
**COUNT EIGHT**
**CIVIL CONSPIRACY**

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

COMES NOW, the Plaintiffs, HARRY BEGGS, GREGORIO G. DIAZ and MARIA T. DIAZ

hereby sues the Defendants, GREEN TREE SERVICING LLC; AAMES FUNDING

CORPORATION DBA AAMES HOME LOAN; and alleges:

**PARTIES**

1. Plaintiffs, GREGORIO G. DIAZ AND MARIA T. DIAZ are residents of this county and
   located at 17119 MEADOWDALE DRIVE, LYNWOOD, WASHINGTON 98037,
   (COUNTY OF SNOHOMISH)

2. Plaintiff HARRY BEGGS is a resident of the State of Washington, County of Harris and
   is doing business in this County.  Harry Beggs is the sole designated loan servicing agent
   for Right Angle Ridge, LLC Attn: Harry Beggs 7208 59th Street Ct. West University
   Place, WA 98467 and will suffer direct and immediate financial harm if the sale is
   permitted to wrongfully proceed as Harry Beggs is Right Angle Ridge LLC's designated
   servicing agent for this action.

3. Defendant GREEN TREE SERVICING LLC is a Washington Corporation, and is
   registered to do business in this State, with the CT CORPORATION SYSTEM, 505
   UNION AVENUE SE, Ste 120, Olympia WA, 98501.

4. Defendant AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, is not
   registered to do business in the State of Washington; and thus they directed that any
   service of process for acts occurring during the time it did business in Washington be

Case No.

served on National Registered Agents, Inc., 1789 Barnes Boulevard, SW, Building G, Tumwater, Washington 98512-0410.

## SUMMARY OF FACTS

5. This is an action to enforce this Court's judgment for quiet title to real property owned by Plaintiffs GREGORIO G. DIAZ AND MARIA T. DIAZ in fee simple and located at 17119 MEADOWDALE DRIVE, LYNWOOD, WASHINGTON 98037, (COUNTY OF SNOHOMISH), and more fully described as follows:

LOT 59, MEADOWDALE GLEN, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 39 OF PLATS, PAGES 203 AND 204, RECORDS OF SNOHOMISH COUNTY.  SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON

6. That was entered by this Court on April 8th, 2013, Case No. 2:13-cv-00217-RSL. This Judgment is final, no timely motion or appeal has ever been made and is now fully final, enforceable and non-appealable.

7. That after the initial judgment dated April 8th, 2013, Defendant AAMES sold the court voided note and deed of trust and then a Trustee was appointed to sell the voided note and deed of trust.

8. Suit was filed against AAMES and the trustee in this Court in Case Number CV141903MJP filed in 2014; a year after the initial judgment became final.

9. In the second case, a request for default judgment is currently pending against defendant AAMES in that case.

10. Thereafter, on May 5th, 2014, servicer for AAMES, Nationstar Mortgage, LLC, issued a IRS Form 1099-C acknowledging the cancellation of the debt.

11. Thereafter, in utter disregard of the initial judgment, and the pending judgment for the sale of the vacated mortgages, AAMES had the audacity to again sell the voided

3

mortgage, even though Nationstar as its servicer sent an IRS 1099-C (Exhibit 2) acknowledging the cancellation of the debt to Defendant Green Tree Servicing, LLC.

12. That Plaintiff HARRY BEGGS is the designated loan servicing agent for the Right Angle Ridge, LLC's interest in the subject property by reason of a note and mortgage whose value would be adversely and greatly harmed if the Defendants AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and GREEN TREE SERVICING  LLC would be permitted to proceed with the continued attempts at the fraudulent collection of the AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN, recorded mortgage on the property 200509220838 6 Pages, recorded on September 22, 2005 in which this court ordered AAMES "prohibited from pursuing any interest in the property as the beneficiary of the deed of trust... citing RCW 61.24.030(7)(a).

13. The final sentence of the Judgment says, "There is an adequate basis to enter default judgment in favor of plaintiffs and against defendant AAMES, declaring that AAMES is precluded from pursuing its interest in the property as the named beneficiary in the deed of trust recorded on September 22, 2005".

14. Plaintiff HARRY BEGGS, and Right Angle Ridge, LLC in good faith, justifiably and detrimentally relied on this Courts order in making a loan for value against the property after the judgment was entered, and would be harmed in the sum of $140,000.00.

15. That Defendant, GREEN TREE SERVICING LLC, with actual or constructive knowledge of the initial judgment, the lis pendens in the second action, the pending judgment in that action, the IRS Cancellation of Debt, and after being

Case No.

placed on formal notice by means of certified mail return receipt requested that the debt was cancelled, sent two SEPARATE invoices demanding payment of $68.770.31 on February 19th, 2015 UNDER TWO SEPARATE ACCOUNT NUMBERS, SEE EXHIBIT 3, GREEN TREE INVOICE FOR ACCOUNT NUMBER  82504360 AND EXHIBIT 4, GREEN TREE INVOICE FOR ACCOUNT NUMBER 82529354.

16. That said conduct is in direct contravention of the order and findings of the court on April 8th, 2013, Case No. 2:13-cv-00217-RS; in direct contravention of the IRS notice of Cancellation of Debt, and the second impending judgment.

17. That AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN is in direct contempt of the order by requesting the GREEN TREE SERVICING LLC to continue to attempt to collect on discharged obligations against the Plaintiffs property and financially and detrimentally harm the Plaintiffs interest in the property.

18. That the attempted fraudulent double collection by Defendants, and each of them, is fraudulent in that they no longer possess any such interest that can be enforced; are already guilty of knowingly attempting to sell the same at public auction, defrauding the public, and then audaciously send the Plaintiffs two separate invoices for the same discharged obligation.

19. The Defendants and are doing so in blatant disregard of this Court's orders.

20. That Plaintiffs GREGORIO G. DIAZ AND MARIA T. DIAZ previously sought one million dollars in punitive damages for fraud, and the court did not find sufficient grounds for the same at that time in the initial case, but then sought a

Case No.

default against the Defendants for punitive damages in the subsequent case, and therefore are entitled to treble those damages herein in this case.

21. However, in the instant case, the Defendants now have the attempted the continued collection through a loan servicer of an interest this court found that the Defendant AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN did not possess and further their predecessor servicer already acknowledged was cancelled and informed the IRS of the same.

22. The Defendants, and each of them, conspired together to continue to attempt to enforce the voided interest after having actual and constructive notice of the judgment, and did so on multiple occasions, by means of the US Mail, as evidenced on Exhibit 3.

23. The Defendants and each of them utilized means of interstate commerce, including the US Mail in furtherance of their scheme or artifice to defraud.

24. The attempted theft of the Plaintiffs property and funds constitutes a direct violation of RCW 9A.28.020 and thus the conduct alleged is a criminal enterprise.

25. Their prior acts in the form of posting a notice of sale and attempted sale of the Plaintiffs property and funds constitutes a direct violation of RCW 40.16.030, offering false instrument for filing or record by their publication of a notice of sale in the public records is a criminal act, and thus the Defendants conduct is a series of acts which were done in furtherance of a criminal enterprise.

26. The publication and distribution by means of the US Mail is the use of interstate commerce in furtherance of the criminal enterprise.

Case No.

27. That if the continued attempts to collect an extinguished obligation is allowed to proceed, the Plaintiffs will suffer irreparable harm as real property is unique and money damages will not suffice to repair the injury suffered and the Defendants conduct is in direct contempt.

28. That Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN had no power to make any such offer of sale and are in contempt of court.

29. That as an actual and proximate cause of their conduct, the Plaintiffs, and each of them, suffered actual monetary harm, devaluation of their property and harm to their interest in their property.

**VENUE**

30. The property is located in this County, and the Plaintiff resides in SNOHOMISH COUNTY, Washington; the attempt to fraudulently sell the Plaintiff GREGORIO G. DIAZ AND MARIA T. DIAZ's property and adversely harm the Plaintiff HARRY BEGGS' financial interest as loan servicer in the subject property in this County; and committed the criminal acts and the violations of the Federal RICO statute in this County; and thus this is the proper venue for this action.

31. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Plaintiffs reside and the violations discussed herein occurred in Snohomish County, Washington.

**JURISDICTION**

32. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

33. Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over the state law claims because Plaintiff's state law claims are so related to Plaintiff's federal law claims

Case No.

that they form part of the same case or controversy under Article III of the United States

Constitution.

**COUNT ONE:**
**PLAINTIFFS v. DEFENDANTS, GREEN TREE SERVICING  LLC; AAMES**
**FUNDING CORPORATION DBA AAMES HOME LOAN**

**Damages And Declaratory Relief Action In Favor Of Plaintiffs And Against**
**Defendants, GREEN TREE SERVICING  LLC; AAMES FUNDING**
**CORPORATION DBA AAMES HOME LOAN's For Their Acquisition And**
**Maintenance Of An Interest In And Control Of An Enterprise Engaged In A**
**Pattern Of Racketeering Activity Pursuant To 18 U.S.C. §§ 1961(1)(A) And (B),**
**And Did So In Violation Of The RICO Law At 18 U.S.C. 1962(B) And**
**18 U.S.C. §§ 1964, (Prohibited Activities)**
**(Civil RICO Remedies)**

34. Plaintiffs incorporate paragraphs 1 through 33, inclusive, herein, as though set forth

    herein in full. Substance prevails over form.

35. Plaintiffs further incorporate the allegations of the remaining Counts contained herein, as

    though set forth herein in full as further proof of the conspiracy and clearly repetitive

    pattern of racketeering activity as prohibited by RICO. Substance prevails over form.

36. On November 14th, and again on December 19th, 2014, and continuing through the

    present, all Defendants did cooperate jointly and severally in the commission of at least

    two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18

    U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C.

    1962(b) (Prohibited activities).

37. Plaintiffs further allege that Defendants, and each of them, on their own behalf, and on

    behalf of the co-defendants, in conjunction with and in furtherance of the conspiracy with

    all the remaining Defendants, did commit two (2) or more of the offenses itemized above

    in a manner which they calculated and premeditated intentionally to threaten continuity,

Case No.

i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(b) supra.

38. Respondeat superior (principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise). The Defendant GREEN TREE SERVICING LLC has acted on behalf of Defendant AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN, and on their own behalf, and are liable on behalf of the co-defendants, for all wrongful conduct of its co-defendants, and each of them.

39. At all times herein, the Defendants, on their own behalf, and on behalf of the co-defendants, and each of them, conspired with remaining defendants, to interfere with the quiet enjoyment of Plaintiffs DIAZs' home; double bill the Plaintiffs with two separate accounts; steal the equity in the Plaintiff's home from the Plaintiff HARRY BEGGS; and are attempting to commit a fraud by selling a void note and mortgage to the highest bidder at public auction.

Wherefore Plaintiffs seek relief as accorded by the Statute, including, but not limited to:

a.   That the Court enter an award of statutory compensatory damages for each separate violation according to proof, but in the event of default, in favor of DIAZ in the sum of $260,000 as the fair market value of the property and in favor of Plaintiff BEGGS in the sum of $140,000 as the face value of the note attempted to be stolen by the Defendants and each of their fraudulent attempt to sell a void note and mortgage;

b.   That the court enters an award of three million in favor of Plaintiff DIAZ against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN as

Case No.

originally prayed in the original complaint in light of the attempt to fraudulently sell the Plaintiffs property and destroy the note owned by Plaintiff

c.  That the Court further award in favor of Plaintiff DIAZ exemplary damages in the treble the amount of his damages of $9,260,000 against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or punitive damages of $11,340,000;

d.  That the Court further award in favor of Plaintiff BEGGS exemplary damages in the sum of treble the amount of his damages of $420,000 or $1,260,000.

e.  That the court award declaratory relief, including a preliminary and permanent injunction, prohibiting AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or any of their agents or assigns, from any further breaches of the criminal statutes listed, and from the sale or further attempted collection of the void obligations, any further attempts to sell the Plaintiffs DIAZs' property or harm BEGGS as servicer's interest thereon;

f.  That the court permanently restrain Defendants, and any purported successor in interest from attempting to enforce in any way any note and deed of trust executed on September 22nd, 2005, including the Deed of Trust 200509220838 6   Pages, recorded on September 22, 2005 and the Deed of Trust 200509220837 19 Pages, recorded on September 22, 2005 in favor of the Defendant AAMES.  That any sale is void and any attempt to enforce either constitutes fraud entitling the Plaintiff to the issuance of an order to show cause why the party attempting to enforce the void obligation should not be held in contempt of court.

Case No.

g.     Reasonable attorney's fees and court costs according to proof;

h.     Such other and further relief as the court deems just and proper.

### COUNT TWO:
### PLAINTIFFS v. DEFENDANTS, GREEN TREE SERVICING LLC; AAMES FUNDING CORPORATION DBA AAMES HOME LOAN

**Damages And Declaratory Relief Action In Favor Of Plaintiffs And Against Defendants, GREEN TREE SERVICING LLC; AAMES FUNDING CORPORATION DBA AAMES HOME LOAN's For Their Conduct And Participation In A RICO Enterprise Through A Pattern Of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(c)**

40. Plaintiffs incorporate paragraphs 1 through 33, inclusive, herein, as though set forth herein in full. Substance prevails over form.

41. Plaintiffs further incorporate the allegations of the remaining Counts of the rest of this complaint, contained herein, as though set forth herein in full as further proof of the conspiracy and pattern of racketeering activity as prohibited by RICO. Substance prevails over form.

42. On November 14th, 2014 and again on December 19th, 2014, and continuing to the present, all Defendants, and each of them, did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce, which includes the US Mail pursuant to the attached Exhibits.

43. Likewise, all Defendants, and each of them, did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

44. During the six (6) calendar years preceding the filing of this complaint, all Defendants, and each of them, did cooperate jointly and severally in the commission of two (2) or

Case No.

more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

45. Plaintiffs further allege that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(c) *supra*.

46. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws herein are to be liberally construed by this honorable Court and the claim is based on theory of Respondeat Superior.

Wherefore Plaintiffs seek relief as accorded by the Statute, including, but not limited to:

a.  That the Court enter an award of statutory compensatory damages for each separate violation according to proof, but in the event of default, in favor of DIAZ in the sum of $260,000 as the fair market value of the property and in favor of Plaintiff BEGGS in the sum of $140,000 as the face value of the note attempted to be stolen by the Defendants and each of their fraudulent attempt to sell a void note and mortgage;

b.  That the court enters an award of three million in favor of Plaintiff DIAZ against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN as originally prayed in the original complaint in light of the attempt to fraudulently sell the Plaintiffs property and destroy the note owned by Plaintiff

c.  That the Court further award in favor of Plaintiff DIAZ exemplary damages in the treble the amount of his damages of $9,260,000 against AAMES FUNDING

Case No.

CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE

SERVICING LLC, or punitive damages of $11,340,000;

d.    That the Court further award in favor of Plaintiff BEGGS exemplary damages in

the sum of treble the amount of his damages of $420,000 or $1,260,000.

e.    That the court award declaratory relief, including a preliminary and permanent

injunction, prohibiting AAMES FUNDING CORPORATION, DBA AAMES

HOME LOAN and Defendant GREEN TREE SERVICING LLC, or any of their

agents or assigns, from any further breaches of the criminal statutes listed, and

from the sale or further attempted collection of the void obligations, any further

attempts to sell the Plaintiffs DIAZs' property or harm BEGGS as servicer's

interest thereon;

f.    That the court permanently restrain Defendants, and any purported successor in

interest from attempting to enforce in any way any note and deed of trust executed

on September 22nd, 2005, including the Deed of Trust 200509220838 6   Pages,

recorded on September 22, 2005 and the Deed of Trust 200509220837 19 Pages,

recorded on September 22, 2005 in favor of the Defendant AAMES.  That any

sale is void and any attempt to enforce either constitutes fraud entitling the

Plaintiff to the issuance of an order to show cause why the party attempting to

enforce the void obligation should not be held in contempt of court.

g.    Reasonable attorney's fees and court costs according to proof;

h.    Such other and further relief as the court deems just and proper.

Case No.

## COUNT THREE:
### PLAINTIFFS v. DEFENDANTS, GREEN TREE SERVICING LLC; AAMES FUNDING CORPORATION DBA AAMES HOME LOAN

**Damages And Declaratory Relief Action In Favor Of Plaintiffs And Against Defendants, GREEN TREE SERVICING LLC; AAMES FUNDING CORPORATION DBA AAMES HOME LOAN's For Their Conspiracy to Engage in a Pattern of Racketeering Activity:**
**18 U.S.C. §§ 1961(5), 1962(d)**

47. Plaintiffs incorporate paragraphs 1 through 33, inclusive, herein, as though set forth herein in full. Substance prevails over form.

48. Plaintiffs further incorporate the allegations of the remaining Counts of the rest of this complaint, contained herein, as though set forth herein in full as further proof of the conspiracy and pattern of racketeering activity as prohibited by RICO. Substance prevails over form.

49. On November 14th, 2014, December 19th, 2014 and continuing to the present, as enumerated in Plaintiff's exhibits which are attached hereto, and incorporated herein, all Defendants, and each of them, did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).

50. At the various times and places partially enumerated in Plaintiff's documentary material, all Defendants, individually and on behalf of each other, committed acts in furtherance of the conspiracy, did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and (d) by fraudulently noticing the sale, cancelling the notice and re-noticing the sale of the Plaintiff DIAZ home.  See also 18 U.S.C. §§ 1961(4), (5) and (9).

14

Case No.

51. During the six (6) calendar years preceding the filing of this complaint, all Defendants, and each of them, did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

52. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(d) (Prohibited activities supra).

53. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws herein are to be liberally construed by this honorable Court and the claim is based on theory of Respondeat Superior.

Wherefore Plaintiffs seek relief as accorded by the Statute, including, but not limited to:

a. That the Court enter an award of statutory compensatory damages for each separate violation according to proof, but in the event of default, in favor of DIAZ in the sum of $260,000 as the fair market value of the property and in favor of Plaintiff BEGGS in the sum of $140,000 as the face value of the note attempted to be stolen by the Defendants and each of their fraudulent attempt to sell a void note and mortgage;

b. That the court enters an award of three million in favor of Plaintiff DIAZ against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN as originally prayed in the original complaint in light of the attempt to fraudulently sell the Plaintiffs property and destroy the note owned by Plaintiff

Case No.

c.   That the Court further award in favor of Plaintiff DIAZ exemplary damages in the treble the amount of his damages of $9,260,000 against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or punitive damages of $11,340,000;

d.   That the Court further award in favor of Plaintiff BEGGS exemplary damages in the sum of treble the amount of his damages of $420,000 or $1,260,000.

e.   That the court award declaratory relief, including a preliminary and permanent injunction, prohibiting AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or any of their agents or assigns, from any further breaches of the criminal statutes listed, and from the sale or further attempted collection of the void obligations, any further attempts to sell the Plaintiffs DIAZs' property or harm BEGGS as servicer's interest thereon;

f.   That the court permanently restrain Defendants, and any purported successor in interest from attempting to enforce in any way any note and deed of trust executed on September 22nd, 2005, including the Deed of Trust 200509220838 6   Pages, recorded on September 22, 2005 and the Deed of Trust 200509220837 19 Pages, recorded on September 22, 2005 in favor of the Defendant AAMES.  That any sale is void and any attempt to enforce either constitutes fraud entitling the Plaintiff to the issuance of an order to show cause why the party attempting to enforce the void obligation should not be held in contempt of court.

g.   Reasonable attorney's fees and court costs according to proof;

h.   Such other and further relief as the court deems just and proper.

Case No.

## COUNT FOUR:
### PLAINTIFFS v. DEFENDANTS, GREEN TREE SERVICING  LLC; AAMES FUNDING CORPORATION DBA AAMES HOME LOAN

**Damages And Declaratory Relief Action In Favor Of Plaintiffs And Against Defendants, GREEN TREE SERVICING  LLC; AAMES FUNDING CORPORATION DBA AAMES HOME LOAN's For Their Violation of the MAIL AND WIRE FRAUD STATUTE 18 U.S.C., SECTIONS 1341, 1343**

54. Plaintiffs incorporate paragraphs 1 through 33, inclusive, herein, as though set forth herein in full. Substance prevails over form.

55. Plaintiffs further incorporate the allegations of the remaining Counts of the rest of this complaint, contained herein, as though set forth herein in full as further proof of the conspiracy and pattern of racketeering activity as prohibited by RICO. Substance prevails over form.

56. As alleged herein, Defendant GREEN TREE SERVICING  LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, committed numerous of acts of mail fraud, which is a violation of federal law.

57. That Defendant GREEN TREE SERVICING  LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, knowingly devised a scheme to defraud or to obtain money or property (or the intangible right of honest services) by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature);

58. That GREEN TREE SERVICING  LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, acted

Case No.

with the intent to defraud the Plaintiffs and others (including the US Treasury) to the detriment of the Plaintiffs, and each of them.

59. That in advancing, furthering, or carrying out the scheme, GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, used the mails (a private or commercial interstate carrier), or caused the mails (a private or commercial interstate carrier) to be used.

Wherefore Plaintiffs seek relief as accorded by the Statute, including, but not limited to:

a.    That the Court enter an award of statutory compensatory damages for each separate violation according to proof, but in the event of default, in favor of DIAZ in the sum of $260,000 as the fair market value of the property and in favor of Plaintiff BEGGS in the sum of $140,000 as the face value of the note attempted to be stolen by the Defendants and each of their fraudulent attempt to sell a void note and mortgage;

b.    That the court enters an award of three million in favor of Plaintiff DIAZ against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN as originally prayed in the original complaint in light of the attempt to fraudulently sell the Plaintiffs property and destroy the note owned by Plaintiff

c.    That the Court further award in favor of Plaintiff DIAZ exemplary damages in the treble the amount of his damages of $9,260,000 against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or punitive damages of $11,340,000;

Case No.

d.   That the Court further award in favor of Plaintiff BEGGS exemplary damages in the sum of treble the amount of his damages of $420,000 or $1,260,000.

e.   That the court award declaratory relief, including a preliminary and permanent injunction, prohibiting AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or any of their agents or assigns, from any further breaches of the criminal statutes listed, and from the sale or further attempted collection of the void obligations, any further attempts to sell the Plaintiffs DIAZs' property or harm BEGGS as servicer's interest thereon;

f.   That the court permanently restrain Defendants, and any purported successor in interest from attempting to enforce in any way any note and deed of trust executed on September 22nd, 2005, including the Deed of Trust 200509220838 6   Pages, recorded on September 22, 2005 and the Deed of Trust 200509220837 19 Pages, recorded on September 22, 2005 in favor of the Defendant AAMES.  That any sale is void and any attempt to enforce either constitutes fraud entitling the Plaintiff to the issuance of an order to show cause why the party attempting to enforce the void obligation should not be held in contempt of court.

g.   Reasonable attorney's fees and court costs according to proof;

h.   Such other and further relief as the court deems just and proper.

**COUNT FIVE:**
**PLAINTIFFS v. DEFENDANTS, GREEN TREE SERVICING LLC; AAMES FUNDING CORPORATION DBA AAMES HOME LOAN**

**Damages And Declaratory Relief Action In Favor Of Plaintiffs And Against Defendants, GREEN TREE SERVICING LLC; AAMES FUNDING CORPORATION DBA AAMES HOME LOAN's For Their Violation of the VIOLATION OF THE STATUTE 18 U.S.C. § 1001**

Case No.

60. Plaintiffs incorporate paragraphs 1 through 33, inclusive, herein, as though set forth herein in full. Substance prevails over form.

61. Plaintiffs further incorporate the allegations of the remaining Counts of the rest of this complaint, contained herein, as though set forth herein in full as further proof of the conspiracy and pattern of racketeering activity as prohibited by RICO. Substance prevails over form.

62. Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, violated 18 U.S.C. § 1001 by the conduct complained of herein, and as proven at the time of trial.

63. Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN falsified, concealed or covered up by any trick, scheme or device, material facts, including, but not necessarily limited to the fact that the note and mortgage they are attempting to sell by means of publicly selling the Plaintiffs property at public auction on the courthouse steps is void and unenforceable by reason of an order of this Court issued and recorded in the public records prior to the attempted fraudulent sale.

64. Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN further violated 18 U.S.C § 1001 by their made, and / or caused to be made fictitious or fraudulent statements or representations to the public that they have the right to hold a Trustee's Sale when in fact, they are obliged not to by reason of court order.

Case No.

65. Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN further violated 18 U.S.C § 1001 by making or using any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, all as alleged herein.

66. Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN further violated 18 U.S.C § 1001, as alleged herein, because the statements made by the Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN were all material, and adversely affected the Plaintiffs, the court, the public, the US Government, and others.

Wherefore Plaintiffs seek relief as accorded by the Statute, including, but not limited to:

a. That the Court enter an award of statutory compensatory damages for each separate violation according to proof, but in the event of default, in favor of DIAZ in the sum of $260,000 as the fair market value of the property and in favor of Plaintiff BEGGS in the sum of $140,000 as the face value of the note attempted to be stolen by the Defendants and each of their fraudulent attempt to sell a void note and mortgage;

b. That the court enters an award of three million in favor of Plaintiff DIAZ against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN as originally prayed in the original complaint in light of the attempt to fraudulently sell the Plaintiffs property and destroy the note owned by Plaintiff

Case No.

c.   That the Court further award in favor of Plaintiff DIAZ exemplary damages in the treble the amount of his damages of $9,260,000 against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or punitive damages of $11,340,000;

d.   That the Court further award in favor of Plaintiff BEGGS exemplary damages in the sum of treble the amount of his damages of $420,000 or $1,260,000.

e.   That the court award declaratory relief, including a preliminary and permanent injunction, prohibiting AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or any of their agents or assigns, from any further breaches of the criminal statutes listed, and from the sale or further attempted collection of the void obligations, any further attempts to sell the Plaintiffs DIAZs' property or harm BEGGS as servicer's interest thereon;

f.   That the court permanently restrain Defendants, and any purported successor in interest from attempting to enforce in any way any note and deed of trust executed on September 22nd, 2005, including the Deed of Trust 200509220838 6   Pages, recorded on September 22, 2005 and the Deed of Trust 200509220837 19 Pages, recorded on September 22, 2005 in favor of the Defendant AAMES.   That any sale is void and any attempt to enforce either constitutes fraud entitling the Plaintiff to the issuance of an order to show cause why the party attempting to enforce the void obligation should not be held in contempt of court.

g.   Reasonable attorney's fees and court costs according to proof;

h.   Such other and further relief as the court deems just and proper.

Case No.

**COUNT SIX:**
**PLAINTIFFS v. DEFENDANTS, GREEN TREE SERVICING LLC; AAMES**
**FUNDING CORPORATION DBA AAMES HOME LOAN**

**Damages And Declaratory Relief Action In Favor Of Plaintiffs And Against**
**Defendants, GREEN TREE SERVICING LLC; AAMES FUNDING**
**CORPORATION DBA AAMES HOME LOAN's For Their Violation**
**of 18 U.S.C. § 1005**

67. Plaintiffs incorporate paragraphs 1 through 33, inclusive, herein, as though set forth

herein in full. Substance prevails over form.

68. Plaintiffs further incorporate the allegations of the remaining Counts of the rest of this

complaint, contained herein, as though set forth herein in full as further proof of the

conspiracy and pattern of racketeering activity as prohibited by RICO. Substance prevails

over form.

69. Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the

co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, in

furtherance of the co-conspiracies complained of herein, and in order to conceal and

misdirect the public, provided false information to the public, including the government,

delivered by means of the US Mail, and across State lines, the fraudulent claim that they

had the right to hold a Trustees' Sale of the Plaintiff DIAZ's property to the detriment of

the Plaintiffs, and each of them.

70. The defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of

the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN,

knew that they had no right to continue with the sale, but noticed the same on more than

one occasion by means of the US Mail system.

Case No.

b.    That the court enters an award of three million in favor of Plaintiff DIAZ against

AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN as

originally prayed in the original complaint in light of the attempt to fraudulently

sell the Plaintiffs property and destroy the note owned by Plaintiff

c.    That the Court further award in favor of Plaintiff DIAZ exemplary damages in the

treble the amount of his damages of $9,260,000 against AAMES FUNDING

CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE

SERVICING LLC, or punitive damages of $11,340,000;

d.    That the Court further award in favor of Plaintiff BEGGS exemplary damages in

the sum of treble the amount of his damages of $420,000 or $1,260,000.

e.    That the court award declaratory relief, including a preliminary and permanent

injunction, prohibiting AAMES FUNDING CORPORATION, DBA AAMES

HOME LOAN and Defendant GREEN TREE SERVICING LLC, or any of their

agents or assigns, from any further breaches of the criminal statutes listed, and

from the sale or further attempted collection of the void obligations, any further

attempts to sell the Plaintiffs DIAZs' property or harm BEGGS as servicer's

interest thereon;

f.    That the court permanently restrain Defendants, and any purported successor in

interest from attempting to enforce in any way any note and deed of trust executed

on September 22nd, 2005, including the Deed of Trust 200509220838 6   Pages,

recorded on September 22, 2005 and the Deed of Trust 200509220837 19 Pages,

recorded on September 22, 2005 in favor of the Defendant AAMES.   That any

sale is void and any attempt to enforce either constitutes fraud entitling the

Case No.

Plaintiff to the issuance of an order to show cause why the party attempting to enforce the void obligation should not be held in contempt of court.

g.    Reasonable attorney's fees and court costs according to proof;

h.    Such other and further relief as the court deems just and proper.

## COUNT SEVEN
## FRAUD

73. Plaintiffs incorporate paragraphs 1 through 33, inclusive, herein, as though set forth herein in full. Substance prevails over form.

74. Plaintiffs further incorporate the allegations of the remaining Counts of the rest of this complaint, contained herein, as though set forth herein in full.

75. Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, in furtherance of the co-conspiracies complained of herein made affirmative statements of a material fact, including that they possess the right to sell the Plaintiff DIAZ's property and Plaintiff BEGGS as servicer's interest thereon.

76. Said statements were false, as evidenced by this courts order issued prior to the notices of sale published by the Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, in furtherance of the co-conspiracies complained of herein.

77. The true facts were that they have no interest which they can sell.

78. That the public actually and justifiably rely on the published statements and reasonably and justifiably relied on those false statements to their detriment.

Wherefore Plaintiffs seek relief as accorded by the Statute, including, but not limited to:

Case No.

a.  That the Court enter an award of statutory compensatory damages for each separate violation according to proof, but in the event of default, in favor of DIAZ in the sum of $260,000 as the fair market value of the property and in favor of Plaintiff BEGGS in the sum of $140,000 as the face value of the note attempted to be stolen by the Defendants and each of their fraudulent attempt to sell a void note and mortgage;

b.  That the court enters an award of three million in favor of Plaintiff DIAZ against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN as originally prayed in the original complaint in light of the attempt to fraudulently sell the Plaintiffs property and destroy the note owned by Plaintiff

c.  That the Court further award in favor of Plaintiff DIAZ exemplary damages in the treble the amount of his damages of $9,260,000 against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or punitive damages of $11,340,000;

d.  That the Court further award in favor of Plaintiff BEGGS exemplary damages in the sum of treble the amount of his damages of $420,000 or $1,260,000.

e.  That the court award declaratory relief, including a preliminary and permanent injunction, prohibiting AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or any of their agents or assigns, from any further breaches of the criminal statutes listed, and from the sale or further attempted collection of the void obligations, any further attempts to sell the Plaintiffs DIAZs' property or harm BEGGS as servicer's interest thereon;

Case No.

    f.    Reasonable attorney's fees and court costs according to proof;

    g.    Such other and further relief as the court deems just and proper.

**COUNT EIGHT**
**CIVIL CONSPIRACY**

79. Plaintiffs incorporate paragraphs 1 through 33, inclusive, herein, as though set forth herein in full. Substance prevails over form.

80. Plaintiffs further incorporate the allegations of the remaining Counts of the rest of this complaint, contained herein, as though set forth herein in full.

81. That Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, in furtherance of the co-conspiracies complained of herein made affirmative statements of a material fact, including that they possess the right to demand payments from the Plaintiff DIAZ's claiming that an obligation is secured by the Plaintiff's property and Plaintiff BEGGS as servicer's interest thereon.

72. That Defendant GREEN TREE SERVICING LLC, on their own behalf, and on behalf of the co-defendants, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN had no power to make any demand, let alone double demand on two different account numbers.

73. That as an actual and proximate cause of their conduct, the Plaintiffs, and each of them, suffered actual monetary harm, devaluation of their property and harm to their interest in their property.

Wherefore Plaintiffs seek relief as accorded by the Statute, including, but not limited to:

    a.    That the Court enter an award of statutory compensatory damages for each separate violation according to proof, but in the event of default, in favor of DIAZ

Case No.

in the sum of $260,000 as the fair market value of the property and in favor of Plaintiff BEGGS in the sum of $140,000 as the face value of the note attempted to be stolen by the Defendants and each of their fraudulent attempt to sell a void note and mortgage;

b.   That the court enters an award of three million in favor of Plaintiff DIAZ against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN as originally prayed in the original complaint in light of the attempt to fraudulently sell the Plaintiffs property and destroy the note owned by Plaintiff

c.   That the Court further award in favor of Plaintiff DIAZ exemplary damages in the treble the amount of his damages of $9,260,000 against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or punitive damages of $11,340,000;

d.   That the Court further award in favor of Plaintiff BEGGS exemplary damages in the sum of treble the amount of his damages of $420,000 or $1,260,000.

e.   That the court award declaratory relief, including a preliminary and permanent injunction, prohibiting AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or any of their agents or assigns, from any further breaches of the criminal statutes listed, and from the sale or further attempted collection of the void obligations, any further attempts to sell the Plaintiffs DIAZs' property or harm BEGGS as servicer's interest thereon;

f.   Reasonable attorney's fees and court costs according to proof;

g.   Such other and further relief as the court deems just and proper.

Case No.

## PRAYER FOR RELIEF

Wherefore Plaintiffs seek relief as accorded by the Statute, including, but not limited to:

a.    That the Court enter an award of statutory compensatory damages for each separate violation according to proof, but in the event of default, in favor of DIAZ in the sum of $260,000 as the fair market value of the property and in favor of Plaintiff BEGGS in the sum of $140,000 as the face value of the note attempted to be stolen by the Defendants and each of their fraudulent attempt to sell a void note and mortgage;

b.    That the court enters an award of three million in favor of Plaintiff DIAZ against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN as originally prayed in the original complaint in light of the attempt to fraudulently sell the Plaintiffs property and destroy the note owned by Plaintiff

c.    That the Court further award in favor of Plaintiff DIAZ exemplary damages in the treble the amount of his damages of $9,260,000 against AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or punitive damages of $11,340,000;

d.    That the Court further award in favor of Plaintiff BEGGS exemplary damages in the sum of treble the amount of his damages of $420,000 or $1,260,000.

e.    That the court award declaratory relief, including a preliminary and permanent injunction, prohibiting AAMES FUNDING CORPORATION, DBA AAMES HOME LOAN and Defendant GREEN TREE SERVICING LLC, or any of their agents or assigns, from any further breaches of the criminal statutes listed, and from the sale or further attempted collection of the void obligations, any further

Case No.

1

## VERIFICATION

2

I declare under penalty of perjury that I have read the foregoing, and it is true and correct, except as to those matters which are based on information and belief, and as to those matters, I believe them to be true; and I executed this Verification on:

3

4

5   March 7, 2015

6                                    GREGORIO G. DIAZ
                                     17119 MEADOWDALE DRIVE,
                                     LYNWOOD, WASHINGTON 98037
7                                    Tel: (425) 773-0946
                                     E-mail: djmaracas1@gmail.com
8

9   ## VERIFICATION

10  I declare under penalty of perjury that I have read the foregoing, and it is true and correct, except as to those matters which are based on information and belief, and as to those matters, I believe them to be true; and I executed this Verification on:

11

12  March 7, 2015

13                                   MARIA T. DIAZ
                                     17119 MEADOWDALE DRIVE,
14                                   LYNWOOD, WASHINGTON 98037
                                     Tel: (425) 773-0946
15                                   E-mail: djmaracas1@gmail.com

16

17  March 10, 2015

                                     HARRY BEGGS
18                                   Assignee of Right Angle Ridge, LLC Attn:
                                     7208 59th Street Ct. West University Place,
19                                   WA 98467

20

21  **When recorded, return to:**
    **GREGORIO G. DIAZ**
22  **MARIA T. DIAZ**
    17119 MEADOWDALE DRIVE,
23  LYNWOOD, WASHINGTON 98037
    Tel: (425) 773-0946
24  E-mail: djmaracas1@gmail.com

25

32

Case No.

**SPACE RESERVED FOR RECORDING INFORMATION**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| GREGORIO G. DIAZ and MARIA T. DIAZ, HARRY BEGGS | CASE NO. |
|         Plaintiffs, | |
| v. | |
| GREEN TREE SERVICING  LLC And AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, | |
|         Defendants. | **LIS PENDENS** |

TO THE ABOVE NAMED DEFENDANT(S) AND ALL OTHERS WHOM IT MAY CONCERN:

YOU ARE HEREBY NOTIFIED that suit was instituted by the above-named Plaintiff against the above-named Defendant(s), in the above-styled cause, involving the following described property, situated, lying and being in Snohomish County, Washington, to-wit:

LOT 59, MEADOWDALE GLEN, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 39 OF PLATS, PAGES 203 AND 204, RECORDS OF SNOHOMISH COUNTY. SITUATE IN THE COUNTY OF SNOHOMISH, STATE OF WASHINGTON

      Relief sought as to such property is for enforcement of the judgment of quiet title and injunctive relief against the sale of any now void mortgages and fraudulent assignments which are set forth and attached to the complaint, and recorded in the Official Records:

Deed of Trust 200509220838 6  Pages, recorded on September 22, 2005

33

Case No.

Deed of Trust 200509220837 19 Pages, recorded on September 22, 2005.

YOU will, therefore, please govern yourselves accordingly.

Respectfully Submitted,

March 7, 2015

*Gregorio D. Dios*
**GREGORIO G. DIAZ**
17119 MEADOWDALE DRIVE,
LYNWOOD, WASHINGTON 98037
Tel: (425) 773-0946
E-mail: djmaracas1@gmail.com

Acknowledgment of Individual

**STATE OF WASHINGTON**

COUNTY OF _Snohomish_

On this day personally appeared before me _Maria T. Diaz_, to me known to be the individual(s) described in and who executed the within and foregoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and seal of office this _7_ day of _March_, 20 _15_.

Notary Public residing at _Lynnwood, Wa_.

Printed Name: _Arnold Hong_

My Commission Expires:

_April 12, 2018_

March 7, 2015

*Maria T. Diaz*
**MARIA T. DIAZ**
17119 MEADOWDALE DRIVE,
LYNWOOD, WASHINGTON 98037
Tel: (425) 773-0946
E-mail: djmaracas1@gmail.com

34

Case No.

Acknowledgment of Individual

1

2

STATE OF WASHINGTON

3

COUNTY OF ___King___

4

On this day personally appeared before me ___Harry Beggs___, to me known
to be the individual(s) described in and who executed the within and foregoing instrument, and

5

6 acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed,
for the uses and purposes therein mentioned.

7

Given under my hand and seal of office this __10th__ day of ___March___, 20 _15_ .

8

___Jordan Matthew Beyer___

9

Notary Public residing at __King County__

10

Printed Name: __Jordan Matthew Beyer__

11

My Commission Expires:

12

__01-22-2018__

13

14

15

March _10_, 2015

16

**HARRY BEGGS**

17 Assignee of Right Angle Ridge, LLC Attn:
7208 59th Street Ct. West University Place,

18 WA 98467

19

20

21

22

23

24

25

```
JORDAN MATTHEW BEYER
   STATE OF WASHINGTON
     NOTARY PUBLIC
 MY COMMISSION EXPIRES
       01-22-18
```

Case No.

Acknowledgment of Individual

1

2

STATE OF WASHINGTON

3

COUNTY OF _Snohomish_

4

On this day personally appeared before me _Gregorio G. Diaz_, to me known
to be the individual(s) described in and who executed the within and foregoing instrument, and
acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed,
for the uses and purposes therein mentioned.

5

6

7

Given under my hand and seal of office this __7__ day of _March_, 20_15_.

8

_____

9

Notary Public residing at _Lynnwood, Wa._

10

Printed Name: _Arnold Hong_

11

My Commission Expires:

12

_April 12, 2018_

13

14

March 7, 2015

15

_Gregorio D. Diaz_
**GREGORIO G. DIAZ**
17119 MEADOWDALE DRIVE,
LYNWOOD, WASHINGTON 98037
Tel: (425) 773-0946
E-mail: djmaracas1@gmail.com

16

17

18

19

20

21

22

23

24

25

ARNOLD C HONG
COMM. EXP.
NOTARY
PUBLIC
APRIL 12, 2018
STATE OF WASHINGTON

36

Case No.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

|  |  |
|---|---|
| GREGORIO G. DIAZ and MARIA T. DIAZ,<br>HARRY BEGGS<br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br><br>GREEN TREE SERVICING  LLC<br>And AAMES FUNDING CORPORATION<br>DBA AAMES HOME LOAN,<br><br>　　　　Defendants. | CASE NO.<br><br><br>**PLAINTIFFS' EXHIBITS**<br><br><br><br><br>JURY TRIAL DEMANDED |

1. **JUDGMENT**

2. **IRS FORM 1099-C CANCELLATION OF DEBT**

3. **GREEN TREE INVOICE FOR ACCOUNT NUMBER  82504360**

4. **GREEN TREE INVOICE FOR ACCOUNT NUMBER  82529354**

Case No.

**1. JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Case No.

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

| | |
|---|---|
| GREGORIO G. DIAZ and MARIA T. DIAZ, | |
| Plaintiffs, | Case No. C13-217RSL |
| v. | DEFAULT JUDGMENT |
| ARGENT MORTGAGE COMPANY, LLC and AAMES FUNDING CORPORATION dba AAMES HOME LOAN, | |
| Defendants. | |

9

10

11

12

        This matter comes before the Court on plaintiffs' "Motion for Entry of Default Judgment"

13    (Dkt. # 16).[1] Plaintiffs, proceeding pro se, seek declaratory judgment in their favor against

14    defendant AAMES Funding Corporation ("AAMES"), a defunct lending corporation, for quiet

       title. Specifically, plaintiffs seek an order declaring that deed of trust recorded against their
15
       property on September 22, 2005, is invalid and unenforceable. Dkt. # 16-1 at 7. In addition to

16    declaratory judgment, plaintiffs seek damages in the amount of $1 million and recovery of their

       attorney's fees and costs. Id. at 7.
17
        Although defendant AAMES was served with the summons and complaint on January 7,

18    2013, Dkt. # 2-1 at 43, it has not responded. Default was entered against it on March 29, 2013.

19    _____

20    [1] Plaintiffs previously filed two identical motions for entry of default judgment. See Dkt. # 8, 12.

21    DEFAULT JUDGMENT

22

23

24

25

Case No.

1

2

3     Dkt. # 13.[2]

4          Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's

5     liability are taken as true, and the defaulting party is deemed to have admitted all allegations in

6     the complaint pertaining to liability. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-

7     18 (9th Cir. 1987); Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978); Dundee Cement Co.

8     v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). The court need

9     not make detailed findings of fact as long as the allegations contained in the pleadings are

10    sufficient to establish liability. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

11    Because plaintiffs' claim of damages is unliquidated, they must provide competent evidence from

12    which the Court can ascertain the judgment amount. See Microsoft Corp. v. Nop, 549 F. Supp.2d

13    1233, 1235 (E.D. Cal. 2008).

14         Having reviewed the allegations of the complaint and the memorandum and declarations

15    submitted by plaintiffs, the Court finds as follows:

16    A.  Quiet Title

17         Plaintiffs seek quiet title to their property located at 17119 Meadowdale Drive, Lynnwood,

18    Washington, 98037, and an order declaring the deed of trust that identifies AAMES as the

19    beneficiary recorded on September 22, 2005, void and unenforceable because more than seven

20    years has passed since plaintiffs acquired title. Therefore, under RCW 7.28.050 AAMES is

21    precluded from pursuing any interest in the property. Dkt. # 16-1 at 7. According to the

22    allegations in the complaint, AAMES is also prohibited from pursuing any interest in the property

23    as the beneficiary of the deed of trust because AAMES is not the holder of any promissory note.

24    Dkt. # 1-1 at 3-4 (citing RCW 61.24.030(7)(a)).

_____

[2] On March 20, 2013, this Court entered a stipulation and order voluntarily dismissing plaintiffs'
claims against defendant Argent Mortgage Company, LLC without prejudice. Dkt. # 10.

DEFAULT JUDGMENT                              -2-

Case No.

B. Damages, Attorney's Fees and Costs

In addition to declaratory judgment, plaintiffs seek an award of $1 million in punitive damages. No argument or evidence is presented in support of this claim. Dkt. #16-1 at 7. Finally, plaintiffs seek recovery of their attorney's fees and costs. However, plaintiffs are acting pro se and they have not presented any evidence or argument regarding costs incurred. As a result, the Court declines to award plaintiffs punitive damages, attorney's fees and costs.

There is an adequate basis to enter default judgment in favor of plaintiffs and against defendant AAMES, declaring that AAMES is precluded from pursuing its interest in the property as the named beneficiary in the deed of trust recorded on September 22, 2005.

Dated this 8th day of April, 2013.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

DEFAULT JUDGMENT                              -3-

41

Case No.

Case 2:13-cv-00217-RSL   Document 17   Filed 04/08/13   Page 1 of 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORIO G. DIAZ and MARÍA T. DIAZ,

       Plaintiffs,

    v.

ARGENT MORTGAGE COMPANY, LLC
and AAMES FUNDING CORPORATION
dba AAMES HOME LOAN,

       Defendants.

Case No. C13-217RSL

DEFAULT JUDGMENT

This matter comes before the Court on plaintiffs' "Motion for Entry of Default Judgment" (Dkt. # 16).[1] Plaintiffs, proceeding pro se, seek declaratory judgment in their favor against defendant AAMES Funding Corporation ("AAMES"), a defunct lending corporation, for quiet title. Specifically, plaintiffs seek an order declaring that deed of trust recorded against their property on September 22, 2005, is invalid and unenforceable. Dkt. # 16-1 at 7. In addition to declaratory judgment, plaintiffs seek damages in the amount of $1 million and recovery of their attorney's fees and costs. Id. at 7.

Although defendant AAMES was served with the summons and complaint on January 7, 2013, Dkt. # 2-1 at 43, it has not responded. Default was entered against it on March 29, 2013.

---

[1] Plaintiffs previously filed two identical motions for entry of default judgment. See Dkt. # 8, 12.

DEFAULT JUDGMENT

Case No.

1

2

3    Dkt. # 13.[1]

4        Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's

5    liability are taken as true, and the defaulting party is deemed to have admitted all allegations in

     the complaint pertaining to liability.  See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-

6    18 (9th Cir. 1987); Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978); Dundee Cement Co.

7    v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983).  The court need

     not make detailed findings of fact as long as the allegations contained in the pleadings are

8    sufficient to establish liability.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

9    Because plaintiffs' claim of damages is unliquidated, they must provide competent evidence from

     which the Court can ascertain the judgment amount.  See Microsoft Corp. v. Nop, 549 F. Supp.2d

10   1233, 1235 (E.D. Cal. 2008).

11       Having reviewed the allegations of the complaint and the memorandum and declarations

     submitted by plaintiffs, the Court finds as follows:

12   A.  Quiet Title

13       Plaintiffs seek quiet title to their property located at 17119 Meadowdale Drive, Lynnwood,

14   Washington, 98037, and an order declaring the deed of trust that identifies AAMES as the

     beneficiary recorded on September 22, 2005, void and unenforceable because more than seven

15   years has passed since plaintiffs acquired title.  Therefore, under RCW 7.28.050 AAMES is

16   precluded from pursuing any interest in the property.  Dkt. # 16-1 at 7.  According to the

     allegations in the complaint, AAMES is also prohibited from pursuing any interest in the property

17   as the beneficiary of the deed of trust because AAMES is not the holder of any promissory note.

18   Dkt. # 1-1 at 3-4 (citing RCW 61.24.030(7)(a)).

19   _____

         [1] On March 20, 2013, this Court entered a stipulation and order voluntarily dismissing plaintiffs'
20   claims against defendant Argent Mortgage Company, LLC without prejudice.  Dkt. # 10.

21   DEFAULT JUDGMENT                              -2-

22

23

24

25

43

Case No.

B.  Damages, Attorney's Fees and Costs

In addition to declaratory judgment, plaintiffs seek an award of $1 million in punitive damages.  No argument or evidence is presented in support of this claim.  Dkt. #16-1 at 7.  Finally, plaintiffs seek recovery of their attorney's fees and costs.  However, plaintiffs are acting pro se and they have not presented any evidence or argument regarding costs incurred.  As a result, the Court declines to award plaintiffs punitive damages, attorney's fees and costs.

There is an adequate basis to enter default judgment in favor of plaintiffs and against defendant AAMES, declaring that AAMES is precluded from pursuing its interest in the property as the named beneficiary in the deed of trust recorded on September 22, 2005.

Dated this 8th day of April, 2013.

*Mr. S Lasnik*

Robert S. Lasnik
United States District Judge

DEFAULT JUDGMENT

-3-

44

Case No.

## 2. CANCELLATION OF DEBT – 1099C

Case No.

| CREDITOR'S name, street address, city or town, state or province, country, ZIP, or foreign postal code, and telephone no. | 1 Date of identifiable event | OMB No. 1545-1424 | Cancellation of Debt |
|---|---|---|---|
| NATIONSTAR MORTGAGE LLC RETURN SERVICE ONLY P.O. BOX 619063 DALLAS, TX 75261-9063 CUSTOMER SERVICE: 1-888-480-2432 | 05/05/2014 | **2014** Form 1099-C | |
| | 2 Amount of debt discharged $ 88,770.31 | | |
| | 3 Interest if included in box 2 $ 0.00 | | |
| DEBTOR'S name, street address (including apt. no.), city or town, state or province, country, and ZIP or foreign postal code | 4 Debt description | | **Copy B** For Debtor |
| | MORTGAGE LOAN | | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| 3-682-14440-004830B-009-1-000-000-000-000 GREGORIO        DIAZ 17119 MEADOWDALE DR LYNNWOOD WA  98037-2936 | 5 If checked, the debtor was personally liable for repayment of the debt ▶ ☒ | | |
| | 6 Identifiable event code | 7 Fair market value of property $ 350,000.00 | |
| | CREDITOR'S federal identification number 75-2921540 | DEBTOR'S identification number XXX-XX-8018 | |
| | Account number (see instructions) 0617741251 | | |

Form **1099-C**                (Keep for your records)                Department of the Treasury - Internal Revenue Service

☐ CORRECTED (if checked)

46

Case No.

1   **EXHIBIT 3 – GREEN TREE INVOICE FOR ACCOUNT NUMBER  82504360**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case No.



**green tree**
relationships that work

Green Tree Servicing LLC
Asset Receivables Management
7360 South Kyrene Road
Tempe, AZ 85283-4583
1-877-835-6465

MONTHLY BILLING STATEMENT
Statement Date: 02/19/2015

| Account Number | 82504360 |
|---|---|
| Next Payment Due | 03/06/2015 |
| Amount Due | $68,770.31 |

• 6538966 800305302 9646.9 0065358
GREGORIO G DIAZ
MARIA T DIAZ
17119 MEADOWDALE DR
LYNNWOOD WA 98037-2936

Payment address:
Green Tree
PO Box 94710
Palatine, IL 60094-4710

### Account Information

| | |
|---|---|
| Balance | $68,770.31 |
| Property Address  17119 MEADOWDALE DR | |
| LYNNWOOD, WA 98037 | |
| Monthly Late Fee: | None |
| Interest Rate: | 0.000% |
| Interest Type: | None |
| Prepayment Penalty: | None |
| Date of Last Payment | |

### Explanation of Amount Due

| | |
|---|---|
| Principal Due: | $68,770.31 |
| Interest Due: | $0.00 |
| (Interest accumulated prior to charge off) | |
| Attorney Fees: | $0.00 |
| Court Costs: | $0.00 |
| Misc Fees and Costs: | $0.00 |
| Bad Check Charges: | $0.00 |
| Pre-Charge Off Expenses: | $0.00 |
| Post Charge Off Expenses: | $0.00 |
| Transaction Surcharges: | $0.00 |
| Total to Bring Current: | $68,770.31 |

### Transaction Activity (8/19/2014 to 02/19/2015)

| Date | Description | Charges | Payments |
|---|---|---|---|
| **** NO TRANSACTIONS TO REPORT **** | | | |

### Past Payment Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal Amount: | $0.00 | $0.00 |
| Interest Amount: | $0.00 | $0.00 |
| Fees: | $0.00 | $0.00 |
| Total: | $0.00 | $0.00 |

### ** Delinquency Information **

Date of Delinquency: 09/01/2012
Your account may be reported to one or more credit bureaus, and may be reviewed for possible legal action.  **To bring your account current, $68,770.31 is due.**
Housing Counselor Information: If you would like counseling or assistance, you can contact the following:
• U.S. Department of Housing and Urban Development (HUD): For a list of home ownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

Escrow Account Activity

| Date | Description | Charges | Payments |
|---|---|---|---|
| **** NO TRANSACTIONS TO REPORT **** | | | |

Please see back page for additional important information.                    ☐ 500100-09



**green tree**
relationships that work

Detach and return this portion with remittance.
-Please make checks payable to Green Tree-
ACCOUNT NUMBER 82504360
Receipt of a personal check is authorization to collect payment electronically.

**PAYMENT DUE DATE**                03/06/2015

Case No.

## Important Information

If you do not receive your statement prior to your due date, you are still obligated to make timely payments. Payments are processed more efficiently when accompanied by a coupon. **Should you ever be without a statement, please make sure your account number is written on your check or money order and mail the payment to the remittance address listed on the front of this statement.** Payments made to locations other than those supplied on the front of this statement may cause a processing delay

**Important Notice:** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Please Note:** To tender payment in full satisfaction of this debt, please contact Customer Service for a payoff quote and forward remittance to the Payoff Checks address below.

### Credit Counseling Information

http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm and/or HOPE Hotline by calling 1-888-995-HOPE

### Other Important Information Regarding Your Account

Payments - Regular Mail (See "Payment Address" on the other side of this form.)

**Correspondence**
Green Tree
PO Box 6172
Rapid City, SD 57709-8172
Fax #: 1-866-870-9919
For Mortgage Loan Customers Only. Pursuant to RESPA and its implementing regulation, Qualified Written Requests, Notices of Error, and Requests for Information must be sent to:
PO Box 6176, Rapid City, SD 57709-6176

**Customer Service:**
Customer service@gtservicing.com
Phone #: 1-800-643-0202
TTY/TDD (hearing impaired) #: 1-800-855-2880
Hours: Mon - Fri 7AM - 8PM CST
        Saturday 7AM - 1PM CST
Telephone calls may be monitored or recorded for quality assurance and training purposes.

**Bankruptcy Notices and Correspondence**
NOTICE: Send notices and correspondence related to any bankruptcy filing by you to:
Asset Receivables Management
Attn: Bankruptcy Department
7340 S. Kyrene Rd
Tempe, AZ 85283

### Payoff Checks

Green Tree
Attn: Settlements L800
345 ST. Peter St.
St. Paul, MN 55102

## This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.

### Need to make your payment today?

**Pay By Phone**
Call 1-877-835-6465
Have your checkbook ready!

**Western Union Quick Collect**

| Payment Options | Code City | Code State |
|---|---|---|
| Same Day (current services) | GTsameday | MN |
| Next Day | GTnextday | MN |
| Second Day | GTsecondday | MN |
| | 1-800-325-6000 | |

**Moneygram**
For a location near you,
Call 1-800-666-3947. Green Tree's receiver code is
0314 – Green Tree Servicing

49

Case No.

1    **EXHIBIT 4 – GREEN TREE INVOICE FOR ACCOUNT NUMBER  82529354**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case No.



relationships that work
**green tree**

Green Tree Servicing LLC
Asset Receivables Management
7360 South Kyrene Road
Tempe, AZ 85283-4583
1-877-835-6465

MONTHLY BILLING STATEMENT
Statement Date: 02/21/2015

· 0537307 00000380S 96ALd 006535A
GREGORIO G DIAZ
MARIA T DIAZ
17119 MEADOWDALE DR
LYNNWOOD WA 98037-2936

| | |
|---|---|
| Account Number | 82529354 |
| Next Payment Due | 03/09/2015 |
| Amount Due | $68,770.31 |

Payment address:
Green Tree
PO Box 94710
Palatine, IL 60094-4710

### Account Information

| | |
|---|---|
| Balance: | $68,770.31 |
| Property Address: 17119 MEADOWDALE DR | |
| LYNNWOOD, WA 98037 | |
| Monthly Late Fee: | None |
| Interest Rate: | 0.00% |
| Interest Type: | None |
| Prepayment Penalty: | None |
| Date of Last Payment | |

### Explanation of Amount Due

| | |
|---|---|
| Principal Due: | $68,770.31 |
| Interest Due: | $0.00 |
| (Interest accumulated prior to charge off) | |
| Attorney Fees: | $0.00 |
| Court Costs: | $0.00 |
| Misc Fees and Costs: | $0.00 |
| Bad Check Charges: | $0.00 |
| Pre-Charge Off Expenses: | $0.00 |
| Post Charge Off Expenses: | $0.00 |
| Transaction Surcharges | $0.00 |
| Total to Bring Current: | $68,770.31 |

### Transaction Activity (8/21/2014 to 02/21/2015)

| Date | Description | Charges | Payments |
|---|---|---|---|
| **** NO TRANSACTIONS TO REPORT **** | | | |

### Past Payment Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal Amount | $0.00 | $0.00 |
| Interest Amount | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Total: | $0.00 | $0.00 |

** Delinquency Information **

Date of Delinquency: 09-01-2012
Your account may be reported to one or more credit bureaus, and may be reviewed for possible legal action. **To bring your account current, $68,770.31 is due.**
**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following:
· U.S. Department of Housing and Urban Development (HUD). For a list of home ownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

Recent Account Activity

| Date | Description | Charges | Payments |
|---|---|---|---|
| **** NO TRANSACTIONS TO REPORT **** | | | |

**Please see back page for additional important information.**                    ☐ 8C0180-00A

relationships that work
**green tree**

Detach and return this portion with remittance.
-Please make checks payable to Green Tree-
ACCOUNT NUMBER 82529354
Receipt of a personal check is authorization to collect payment electronically.

**PAYMENT DUE DATE**          03/09/2015

Case No.