UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GREGORIO G. DIAZ; MARIA T. DIAZ; )
and HARRY BEGGS, )
                                    )
                    Plaintiffs,     )   No. C15-359RSL
         v.                         )
                                    )   ORDER DENYING DEFAULT
GREEN TREE SERVICING, LLC;          )   JUDGMENT
and AAMES FUNDING CORPORATION,      )
dba AAMES HOME LOAN,                )
                                    )
                    Defendants.     )
_____)

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' "Motion for Default Judgment." Dkt. # 8. Although defendant AAMES Funding Corporation dba AAMES Home Loan ("AAMES") was served with the Summons and Complaint on March 23, 2015, Dkt. # 4, it has not responded. On April 28, 2015, the Court entered an order of default against defendant AAMES. Dkt. # 9. Plaintiffs, proceeding pro se, now seek declaratory judgment in their favor against defendant AAMES, a defunct lending corporation. Plaintiffs also seek an award of monetary damages, including statutory treble damages.

Following the entry of default by the Clerk of the Court, a court may enter default judgment pursuant to Federal Rule of Civil Procedure 55(b). Under Federal Rule of Civil Procedure 55(b), the entry of default does not automatically entitle plaintiff to a court-ordered

ORDER DENYING DEFAULT
JUDGMENT – 1

judgment. Curtis v. Illumination Arts, Inc., 33 F. Supp. 3d 1200, 1210 (W.D. Wash. 2014). Rather, the decision to grant or deny default judgment is left to the court exercising its discretion. Id. "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007); Tele Video Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987). "[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." DirecTV, Inc., 503 F.3d at 854 (citations omitted). Additionally, the defaulting party admits all allegations as to liability but not allegations as to the amount of damages. Tele Video Sys., Inc., 826 F.2d at 917–18. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992). The Court has the power to require a plaintiff provide additional proof of facts or damages to ensure that the requested relief is appropriate. See Fed. R. Civ. P. 55(b)(2).

"Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003). Although the Court must give a pro se litigant some leeway when construing his or her pleadings, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995). Having reviewed the allegations of the Complaint and the

ORDER DENYING DEFAULT
JUDGMENT – 2

supporting exhibits and affidavit submitted by plaintiffs, the Court finds as follows:

## II.  BACKGROUND

Plaintiffs filed the present action to enforce an order of default judgment obtained in Cause No. 13-217RSL (W.D. Wash. Apr. 8, 2013).  In that prior action, plaintiffs Gregorio and Maria Diaz ("plaintiffs Diaz") sued defendant AAMES Funding Corporation seeking to quiet title to their property located at 17119 Meadowdale Drive, Lynnwood, Washington 98039 ("the property"), and a declaratory order that the deed of trust that identified AAMES as a beneficiary, recorded on September 22, 2005 (Snohomish County Auditor's File No. 200509220838), was void.  See Compl. (Dkt. # 1) at Ex.1.  Plaintiffs in that case obtained a default judgment against defendant AAMES.  Id.  The default judgment declared that the deed of trust recorded on September 22, 2005 that identified AAMES as a beneficiary was void as unenforceable and that "AAMES is precluded from pursuing any interest in the property" under that deed of trust.  Id.

After the entry of default judgment, plaintiffs Diaz obtained a mortgage loan on their property with Right Angle Ridge, LLC.  Right Angle Ridge, LLC issued the loan relying on the prior default judgment.  Compl. (Dkt. # 1) at ¶ 14.  Plaintiff Harry Beggs is the sole loan servicing agent for Right Angle Ridge, LLC.  Id. ¶ 2.

Plaintiffs bring the present action in response to defendant AAMES's sale of the allegedly voided interest, and in response to an attempt by the buyer, defendant Green Tree Servicing, LLC ("Green Tree"), to collect on the invalidated note.  According to the allegations in plaintiffs' Complaint, on May 5, 2014, the loan servicer for defendant AAMES's note, National Mortgage, LLC, sent plaintiffs Diaz an IRS Form 1099-C acknowledging a cancellation of debt in the amount of $68,770.31.  Id. ¶ 10, Ex. 2.  Despite the prior default judgment and the notice of cancellation of debt, defendant AAMES thereafter sold the voided note and deed of trust to defendant Green Tree.  Id. ¶ 11.  On February 19, 2015, defendant Green Tree sent plaintiffs Diaz two separate invoices, Nos. 82504360 and 82529354, each demanding a separate payment

ORDER DENYING DEFAULT
JUDGMENT – 3

of $68,770.31.  Id. ¶ 15.  Plaintiffs plead that defendant Green Tree sent those invoices despite having constructive and actual notice of the initial default judgment and the IRS Cancellation of Debt form.  Id.

     Plaintiffs allege that defendants AAMES and Green Tree conspired together to sell the voided interest.  Thereafter, plaintiffs allege defendants conspired together to continue to attempt to enforce the voided interest in a scheme to defraud plaintiffs.  Id. ¶¶ 22–23.  Plaintiffs allege that defendant Green Tree is attempting to fraudulently collect a double recovery on an invalid debt.  Id. ¶ 18.  Plaintiffs further allege defendants used the mail to carry out their fraudulent scheme, and point to the two invoices sent to plaintiffs via mail as evidence.  Id. ¶¶ 22–23.  Plaintiffs bring claims for mail and wire fraud, 18 U.S.C. §§ 1314, 1343; civil claims under the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1962, based on the predicate offenses of mail fraud; claims of fraud in violation of 18 U.S.C. § 1001 and 18 U.S.C. § 1005; and state law claims for fraud and civil conspiracy.  Id. at ¶¶ 34–81.

     Plaintiffs claim they will suffer harm if defendants' continued attempts to collect on an extinguished debt are allowed to proceed.  Id. ¶ 27.  In the present action, plaintiffs seek to enforce the Court's prior default judgment and request declaratory relief in the form of an order permanently enjoining defendants, and any successors in interest, from attempting to enforce the Deed of Trust No. 200509220838 recorded on September 22, 2005, which was declared invalid by the Court's prior order.  Affidavit in Support of Default Judgment (Dkt. # 8-1) at ¶ 3(f).  Plaintiffs also seek declaratory relief enjoining defendants, and any successors in interest, from attempting to enforce the Deed of Trust No. 200509220837 recorded on September 22, 2005.  Id.  Plaintiffs request the Court to issue an order to show cause as to why defendant AAMES should not be held in contempt of court.  In addition, plaintiffs seek actual damages in an amount equal to the face value of their property, actual damages in an amount equal to the face value of the note held by Right Angle Ridge, punitive damages, and treble damages.  Id. ¶ 3, Compl.

ORDER DENYING DEFAULT
JUDGMENT – 4

(Dkt. # 1) at 30.

## III.  DISCUSSION

**A.  Article III Standing**

A federal court must satisfy itself that it has jurisdiction, including establishing that a plaintiff has Article III standing to sue.  See Orr v. Orr, 440 U.S. 268, 271 (1979).  The standing inquiry is plaintiff-specific.  Allen v. Wright, 468 U.S. 737, 752 (1984).  To establish Article III standing, "[a] plaintiff must allege a personal injury that is fairly traceable to the defendant's conduct and is likely to be redressed by the requested relief."  Id. at 750.  The personal injury element requires plaintiff to show he or she suffered an injury-in-fact that is both concrete and particularized, and either actual or imminent (as opposed to conjectural or hypothetical).  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).  As the party invoking federal jurisdiction, plaintiffs bear the burden of establishing standing.  Id.

Apart from this constitutional mandate, the standing inquiry also contains prudential limitations on the exercise of federal court jurisdiction.  Warth v. Seldin, 422 U.S. 490, 498 (1975).  Prudential standing doctrine demands that a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  Id. at 499.

Based on the allegations in the Complaint, plaintiffs Gregorio and Maria Diaz, as the owners of the property at issue in this case, each meet this standard.  However, the Complaint is devoid of facts necessary to establish that plaintiff Harry Beggs has standing.  Plaintiffs plead that plaintiff Beggs "is the designated loan servicing agent for the Right Angle Ridge, LLC's interest in the subject property by reason of a note and mortgage whose value would be adversely and greatly harmed if the Defendants . . . would be permitted to proceed with the continued attempts at the fraudulent collection . . . ."  Compl. (Dkt. # 1) ¶ 12.  This conclusory allegation is insufficient to establish standing.  The entity with the actual interest in the loan in

ORDER DENYING DEFAULT
JUDGMENT – 5

the property is Right Angle Ridge, LLC, as the holder of the mortgage note.  Plaintiff Beggs is merely an agent of Right Angle Ridge, LLC, and does not have standing to sue for the interests belonging to this third party.  Plaintiff Beggs has failed to allege an injury that is separate and distinct from the interests held by Right Angle Ridge, LLC.  Accordingly, plaintiff Beggs does not have standing to sue.

### B. Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962

In counts I through III of their complaint, plaintiffs allege three claims under the Racketeer Influenced and Corruption Organization Act ("RICO").  Compl. (Dkt. # 1) ¶¶ 34–53.  RICO provides for both criminal and civil liability.  The civil remedies provision of RICO permits "[a]ny person injured in his business or property" by reason of a violation of RICO's substantive provisions to bring a civil action for treble damages.  18 U.S.C. § 1964(c) (2012).  RICO's substantive provisions take aim at "racketeering activity," which the statute defines as a number of specific criminal acts under state and federal and laws, including federal mail fraud.  Canyon Cnty. v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008).

Plaintiffs plead three RICO claims in their complaint under 18 U.S.C. §§ 1962(b), 1962(c), and 1962(d).  Section 1962(b) makes it unlawful for a person to acquire or maintain an interest in an enterprise through a pattern of racketeering activity.  Section 1962(c) makes it unlawful for a person to conduct the affairs of an enterprise through a pattern of racketeering activity.  Finally, § 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  In order to make out a claim under any of these RICO provisions, plaintiff must show that defendant has engaged in a "pattern of racketeering activity."  See Durning v. Citybank, Int'l, 990 F.2d 1133, 1138 (9th Cir. 1993); 18 U.S.C. § 1962.  Plaintiffs must also show that the pattern of racketeering activity was taken to either acquire or maintain, or conduct or participate in an "enterprise."  Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 482–83 (1985).

ORDER DENYING DEFAULT
JUDGMENT – 6

In the present case, all three RICO claims are based on the predicate "racketeering activity" offense of mail fraud. See 18 U.S.C. § 1961(1)(B) (defining federal mail fraud as an act of "racketeering activity"). Plaintiffs allege defendants AAMES and Green Tree together used U.S. Mail to sell the invalidated deed and to attempt to collect on it. Compl. (Dkt. # 1) ¶ 22. There are two general allegations of fraud in plaintiffs' Complaint. First, plaintiffs allege that defendant AAMES committed fraud in selling the invalidated deed to defendant Green Tree. Id. ¶ 39. Second, plaintiffs claim defendants committed mail fraud in mailing plaintiffs two invoices for the same discharged debt, thereby fraudulently attempting to double-collect on a discharged debt. Id. ¶ 18. Plaintiffs allege that defendant AAMES requested defendant Green Tree to continue to attempt to collect on the discharged debt. Id. ¶ 17.

In this case, however, plaintiffs fail to allege enough facts in their Complaint that, if true, would establish a RICO violation. Plaintiffs have failed to establish the existence of an associated-in-fact enterprise between the two defendants. Even without an associated-in-fact enterprise, plaintiffs' RICO claims against AAMES as a sole enterprise fail as plaintiffs failed to allege enough facts to show a pattern of racketeering activity, failed to plead the predicate fraud with particularity, and failed to demonstrate proof of damages.

### 1. Associated-in-Fact Enterprise with Co-Defendant

To assert claims under RICO, plaintiffs must show that there was a "pattern of racketeering activity" conducted by, or in furtherance of, an "enterprise." See 18 U.S.C. § 1962. As defined in the statute, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Here, plaintiffs have alleged that defendants jointly engaged in a pattern of racketeering in furtherance of a criminal enterprise. To make such a claim, plaintiffs must have alleged facts showing the existence of an "associated-in-fact" enterprise between the two entities.

ORDER DENYING DEFAULT
JUDGMENT – 7

An associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981). In the Ninth Circuit, there is no requirement that the associated-in-fact enterprise have any particular organizational structure, either separate from the pattern of racketeering activity or not. Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007). To establish the existence of an enterprise, "plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" Id. at 552 (quoting Turkette, 452 U.S. at 583).

Here, plaintiffs have failed to allege enough facts, which if true, would establish the co-defendants AAMES and Green Tree together formed an associated-in-fact enterprise. There is no evidence of a continuing relationship between defendant Green Tree and defendant AAMES beyond the initial sale of the interest to defendant Green Tree. Plaintiffs have provided no factual support for their allegation that defendant AAMES requested defendant Green Tree to continue to collect on the invalidated deed. Thus, plaintiffs have not made a plausible showing that there is an ongoing organization between the two defendants, or that they functioned as a continuing unit for a "common purpose." Accordingly, plaintiffs have failed to state a claim that defendants AAMES and Green Tree together formed a RICO conspiracy.

Because plaintiffs have not shown the existence of a RICO conspiracy between defendants AAMES and Green Tree, defendant AAMES also cannot be held vicariously liable for defendant Green Tree's actions, as plaintiffs allege in their Complaint. See Oki Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n, 298 F.3d 768, 775 (9th Cir. 2002) ("Only by alleging a RICO conspiracy . . . could [plaintiff] hold [defendant] liable for her co-conspirators' acts).

**2. Pattern of Racketeering Activity**

Plaintiff also brings civil RICO claims against defendant AAMES individually.

ORDER DENYING DEFAULT
JUDGMENT – 8

Defendant AAMES as an individual "corporation" can itself qualify as an enterprise.  See Odom, 486 F.3d at 548; 18 U.S.C. § 1961(4) (defining "enterprise" to include a "corporation").  To state a civil RICO claim against defendant AAMES individually, plaintiffs must show that defendant engaged in a "pattern of racketeering activity."  As defined in the statute, a "'pattern of racketeering activity' requires at least two acts of racketeering activity" within a ten year period. 18 U.S.C. § 1961(5).  "[W]hile two predicate acts are required under the Act, they are not necessarily sufficient."  Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004).  Plaintiffs must also show that the predicate acts of "racketeering activity" are related and that they either amount to or pose a threat of continued criminal activity.  H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989).

To establish a "pattern of racketeering activity" based on a single criminal scheme, plaintiff must provide proof that the criminal activity will continue in the future.  Turner, 362 F.3d at 1229, 1230.  This continuity requirement has both an open-ended concept, referring to criminal conduct that by its nature poses a threat of repetition into the future, and a closed-ended concept, referring to a closed period of repeated conduct.  Id. at 1229.  To allege open-ended continuity, a RICO plaintiff must charge a predicate act that by its nature poses a threat of repetition into the future.  Id.  "Conversely, an alleged series of related predicates not extending over a substantial period of time and not threatening . . . future criminal conduct fails to charge closed-ended continuity."  Id. (internal quotation marks omitted).

In Turner, plaintiffs alleged civil RICO claims predicated on wire and mail fraud.  Id. Plaintiffs alleged that defendants made misrepresentations in fax, telephone, and mail communications in attempts to collect on a judgment.  Id.  The court held that plaintiffs failed to satisfy the continuity requirement because the alleged fraudulent communications would cease once defendant collected on the outstanding judgment, and thus affirmed the dismissal of plaintiffs' complaint.  Id. at 1230.

ORDER DENYING DEFAULT
JUDGMENT – 9

Here, plaintiffs have not met the continuity requirement necessary to state a civil RICO claim against defendant AAMES. Plaintiffs have failed to connect the conduct by defendant Green Tree to collect on the allegedly invalid deed to defendant AAMES. As a result, the only alleged predicate offense involving AAMES concerns mail fraud in connection with the sale of a deed of trust to this particular property. There is no indication that defendant AAMES's conduct has continued beyond the successful sale of that deed. Nor have plaintiffs alleged facts that would indicate defendants are continuing to engage in any fraudulent conduct regarding the enforcement of the deed. Accordingly, plaintiffs have failed to show a likelihood that defendant AAMES's fraudulent activity would continue into the future. Given the short duration of time, and the failure to show the conduct was likely to continue in the future, these predicate offenses fail to establish a pattern of racketeering activity necessary to state a RICO claim. Cf. Turner, 362 F.3d at 1229–30; Medallion Television Enters., Inc. v. SelecTV of Cal., Inc., 833 F.2d 1360, 1363–64 (9th Cir. 1987) (holding alleged wire and mail fraud by joint venture to obtain broadcast rights did not constitute a pattern of racketeering activity because once the rights were obtained the threat of criminal activity ended); Jarvis v. Regan, 833 F.2d 149, 153 (9th Cir. 1987) (holding plaintiff failed to establish RICO claim against organizations committing multiple predicate acts of mail and wire fraud in attempt to fraudulently obtain a federal grant for an election because the scheme was "isolated and presented no threat of continuing").

### 3. Pleading Fraud with Particularity

Because plaintiffs state claims for mail fraud, they must meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud to "be stated with particularity." This heightened pleading requirement applies to civil RICO claims based on allegations of fraud. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065–66 (9th Cir. 2004). To satisfy this standard, plaintiff must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Id. at

ORDER DENYING DEFAULT
JUDGMENT – 10

1066 (citation omitted).  To allege a violation of the mail fraud statute, 18 U.S.C. § 1341, plaintiffs must "show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." Schreiber Dist. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1399–1400 (9th Cir. 1986). "While the factual circumstances of the fraud itself must be alleged with particularity, the state of mind—or scienter—of the defendants may be alleged generally." Odom, 486 F.3d at 554. Here, plaintiffs have failed to specify the time or content of any fraudulent statement made by defendant AAMES in conjunction with the use of the mail.  Thus, plaintiffs have not pled the elements of mail fraud with enough specificity to meet the heightened Rule 9(b) pleading standard.

Rule 9(b)'s pleading standard may be relaxed when defendant has knowledge and "plaintiffs can not be expected to have personal knowledge of the relevant facts." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).  Yet even under a more liberal reading of plaintiffs' Complaint, there are simply no facts to support plaintiffs' allegation that defendant AAMES even used the mail to commit an act of fraud in transferring the deed to defendant Green Tree. The only evidence plaintiff provided to support a finding of use of the mail concerned the invoices sent from defendant Green Tree to plaintiffs.  As there is no evidence to support the allegation that plaintiff AAMES took any part in the mailing of those invoices, this cannot establish liability against defendant AAMES.  Thus, plaintiff has failed to plead a sufficient claim of mail fraud necessary to establish even one predicate act of racketeering activity based on mail fraud.

### 4. Damages

Finally, plaintiffs have also failed to provide any evidence to support their claim that they have suffered compensable damages.  Section 1964(c) imposes a standing requirement on civil

ORDER DENYING DEFAULT
JUDGMENT – 11

plaintiffs bringing civil RICO actions: a plaintiff must show "that his alleged harm qualifies as injury to his business or property" and "that his harm was 'by reason of' the RICO violation." Syngenta Seeds, Inc., 519 F.3d at 972 (quoting 18 U.S.C. § 1964(c)); see also Sedima, 473 U.S. at 496 ("[T]he plaintiff [in an action under § 1962(c)] only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."). To have RICO standing, "a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation." Syngenta Seeds, Inc., 519 F.3d at 972. "Without a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO." Id. at 975 (quoting Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005) (per curiam)). Moreover, the injury to plaintiffs' business or property must constitute a "concrete financial loss." Id. at 975; Oscar v. Univ. Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir. 1992). Speculative injuries alone are insufficient to confer standing under RICO. Steele v. Hosp. Corp. of Am., 36 F.3d 69, 71 (9th Cir. 1994).

Plaintiffs have failed to concretely identify a tangible financial loss associated with these alleged harms. Plaintiffs alleged injuries are at this point conjectural as they have alleged only that if defendant is allowed to proceed with enforcing the invalid deed they would suffer harms. Compl. (Dkt. # 1) ¶ 27. Plaintiffs have not shown how these attempts have resulted in a concrete financial loss. Nor have plaintiffs provided any factual support for their allegation that their property values have been diminished by the sale of the invalid deed or the subsequent attempts to enforce the invalid deed. Any alleged harm to the interest in their property is speculative at this stage, and thus insufficient to confer RICO standing upon plaintiffs. Without any concrete financial loss, plaintiffs' RICO claims for actual damages, punitive damages, and treble damages must fail.

ORDER DENYING DEFAULT
JUDGMENT – 12

### 5. Conspiracy to Commit RICO Violations

Even under the relaxed pro se pleading standard, plaintiffs have failed to state a cause of action upon which relief can be granted. Because plaintiffs have failed to state an actionable RICO claim under § 1962(b) or § 1962(c) against defendant AAMES, plaintiffs' claim for conspiracy to commit a RICO violation under § 1962(d) must also fail. See Howard v. Am. Online Inc., 208 F.3d 741, 751 (9th Cir. 2000) ("[T]he failure to allege substantive violations [of RICO] precludes their claim that there was a conspiracy to violate RICO."). Accordingly, the Court denies plaintiffs' request for an order of default judgment on their civil RICO claims.

## C. Mail Fraud & Wire Fraud

In addition to alleging mail fraud and wire fraud as predicate acts for a RICO claim, plaintiffs also alleged separate claims against defendant for federal mail fraud in violation of 18 U.S.C. § 1341 and federal wire fraud in violation of 18 U.S.C. § 1343. Compl. (Dkt. #1) at 15. However, § 1341 and § 1343 of Title 18 are criminal statutes that do not provide for civil causes of action. Therefore Count IV fails to state a cognizable claim for relief. The Court denies plaintiffs' request for an order of default judgment on these claims. As plaintiffs are not authorized to bring these claims, the Court dismisses them with prejudice.

## D. Violations of 18 U.S.C. §§ 1001, 1005

Plaintiffs alleged individual claims against defendant for violations of 18 U.S.C. § 1001 and § 1005. Compl. (Dkt. #1) at 17–20. However, § 1001 and § 1005 of Title 18 are criminal statutes that do not provide for civil causes of action. Therefore Counts V and VI fail to state cognizable claims for relief. The Court denies plaintiffs' request for an order of default judgment on these claims and dismisses them. As plaintiffs are not authorized to bring these claims, the Court dismisses them with prejudice.

## E. Common Law Claims for Fraud & Civil Conspiracy

Plaintiffs allege claims under state law for fraud. Compl. (Dkt. #1) at 22–24. To state a

ORDER DENYING DEFAULT
JUDGMENT – 13

common law fraud claim, a plaintiff must plead the allegations of fraud with particularity. Guketlov v. Homekey Mortgage, LLC, 2009 WL 3785575, at *4 (W.D. Wash. Nov. 9, 2009); see also Fed. R. Civ. P. 9(b). "The nine elements of fraud are (1) representation of an existing fact, (2) materiality of the fact, (3) falsity of the fact, (4) the speaker's knowledge of the falsity of the fact, (5) the speaker's intent that the fact should be acted on by the person to whom the fact was represented, (6) ignorance of the fact's falsity on the part of the person to whom it is represented, (7) reliance on the truth of the factual representation, (8) the right of the person to rely on the factual representation, and (9) the person's consequent damage from the false factual representation." Angelo v. Angelo, 142 Wn. App. 622, 643 (2008), as amended (Jan. 29, 2008).

Here, plaintiffs pled two separate allegations of fraud. First, plaintiff alleges that the sale of the invalidated deed to defendant Green Tree was fraudulent. Compl. (Dkt. # 1) ¶ 39. Second, plaintiffs have alleged the attempt to enforce the deed and the attempted double-billing, was fraudulent. Id. ¶ 22. Plaintiffs plead that in furtherance of carrying out their co-conspiracies to defraud plaintiffs, defendants made false statements of a material fact, including representing "that they possess the right to sell the Plaintiff Diaz' property." Compl. (Dkt. # 1) ¶¶ 75–77. These statements were false because they contravened the Court's earlier order declaring the Deed of Trust No. 200509220838 invalid. See id.

First, plaintiffs have offered no evidence upon which the Court could infer that defendant AAMES continued to be involved with the collection on the invalid deed after the sale of the deed. Accordingly there is no evidence to support a fining of fraud on the part of defendant AAMES for the fraudulent attempts to collect the debt by defendant Green Tree. Regarding the allegations of fraud in the sale of the invalid deed, plaintiffs have failed to plead that they suffered any concrete damages from the sale. Plaintiffs have provided no factual support for a claim that their property value has been impacted by this attempted sale. Thus, plaintiffs have failed to plead a cause of action for common law fraud against defendant AAMES. The Court

ORDER DENYING DEFAULT
JUDGMENT – 14

denies plaintiffs' request for an order of default judgment on their fraud claims.

Plaintiffs allege claims under state law for civil conspiracy. Compl. (Dkt. # 1) at 24–26. In order to state a claim for civil conspiracy, plaintiff must plead two elements: "(1) that two or more parties combined to accomplish an unlawful purpose or combined to accomplish a lawful purpose by unlawful means, and (2) the conspirators entered into an agreement to accomplish the conspiracy." Flying Eagle Espresso, Inc. v. Host Int'l Inc., 2005 WL 2318827, at *9 (W.D. Wash. Sept. 22, 2005), amended on denial of reconsideration, 2005 WL 2372661 (W.D. Wash. Sept. 27, 2005). "Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'" Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) (quoting Wasco Prods., Inc. v. Southwall Techs., Inc., 435 F.3d 989, 991 (9th Cir. 2006), cert. denied, 549 U.S. 817 (2006)).

Plaintiffs' factual support in their Complaint for the existence of a conspiracy consists of allegations that defendant AAMES requested another entity, defendant Green Tree, to continue to attempt enforce allegedly invalid deed to plaintiffs' property. Compl. (Dkt. # 1) ¶ 17. Taken as true, these sparse and conclusory allegations are insufficient to state a claim under the heightened Rule 9(b) pleading standard as plaintiffs have provided no evidence of defendant AAMES's involvement in the continued attempts to enforce the invalid deed. But even if plaintiffs had set forth a well-pleaded claim for civil conspiracy, plaintiffs have failed to prove that this conspiracy has caused them any damages at this time. Plaintiffs Diaz ask for damages in the amount of the value of their property, but they have not provided any evidence to support their allegation that their property interest has been harmed by this conspiracy. Therefore, the Court declines to enter default judgment on plaintiffs' civil conspiracy claim.

**F. Damages**

Plaintiffs have offered no proof as to value of damages. Plaintiffs claim entitlement to compensatory damages in an amount equal to the fair market value of their home and treble

ORDER DENYING DEFAULT
JUDGMENT – 15

damages.  However, plaintiffs have failed to provide any evidence that they have been deprived of the full market value of their home, any evidence establishing the validity of the valuation of their home, or any other evidence establishing that plaintiffs have suffered any concrete financial loss.  If plaintiffs choose to re-file a motion for default judgment, they must support their motion for default judgment with sufficient evidentiary proof as to the amount and reasonableness of the requested damages.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' Motion for Default Judgment, Dkt. # 8, without prejudice to re-file.  Additionally, the Court DISMISSES plaintiffs' claims against defendant AAMES for violations of 18 U.S.C. §§ 1341, 1343, 1001, and 1005 with prejudice.  If plaintiffs wish to re-file a motion for default judgment regarding their civil RICO and state law fraud and civil conspiracy claims, they must correct the deficiencies identified in this order and so move within 20 days.[1]  Failure to timely re-file a motion for default judgment or failure to support their claims with sufficient evidence will result in a dismissal of all of plaintiffs' claims against defendant AAMES.

Dated this 29th day of May, 2015.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiffs premised the Court's jurisdiction on its federal claims under 28 U.S.C. § 1331 and on the Court's supplemental jurisdiction under 28 U.S.C. § 1367.  The Court may be without jurisdiction to consider plaintiffs' state law claims if plaintiffs cannot further substantiate their federal civil RICO claims.

ORDER DENYING DEFAULT
JUDGMENT – 16