UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORIO G. DIAZ, MARIA T. DIAZ,
AND HARRY BEGGS,

                    Plaintiffs,

          v.

GREEN TREE SERVICING LLC AND
AAMES FUNDING CORPORATION DBA
AAMES HOME LOAN,

                    Defendants.

NO. C15-359RSL

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY
JUDGMENT

This matter comes before the Court on plaintiffs' motion for summary judgment, Dkt.

# 10.  Having reviewed plaintiffs' motion, defendant Green Tree Servicing LLC's response, and

the remainder of the record, the Court finds as follows.

## BACKGROUND

Plaintiffs filed this action to enforce the default judgment they obtained in Diaz v. Argent

Mortgage Co., LLC, et al., C13-217RSL Dkt. ## 17, 28.  In Diaz v. Argent, plaintiffs sought to

quiet title to their property located at 17119 Meadowdale Drive, Lynnwood, Washington 98039

and an order declaring that the deed of trust that identified AAMES as a beneficiary (Snohomish

County Auditor's File No. 200509220838 (DOT '838)) was invalid and unenforceable.  Id.

Plaintiffs obtained a default judgment that held that "AAMES is precluded from pursuing any

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT - 1

1   interest in the property" under that deed of trust.  C13-217RSL Dkt. # 17.[1]

2          In this action, plaintiffs claim that defendants AAMES and Green Tree have conspired to

3   collect on the note associated with the deed of trust, alleging that the note is invalid and that the

4   debt has been discharged.  In support of this position, plaintiffs assert that this Court's 2013

5   default judgment against AAMES voided the note and that on May 5, 2014, the loan servicer for

6   the note sent plaintiffs Diaz an IRS Form 1099-C acknowledging a cancellation of debt in the

7   amount of $68,770.31. Dkt. # 1 (Compl.) ¶¶ 7, 10, Ex. 2.  Plaintiffs further claim that after

8   default judgment had been entered and plaintiffs had been sent the IRS form, AAMES sold the

9   note and deed of trust to Green Tree.  Id. ¶ 11.  On February 19, 2015, Green Tree sent plaintiffs

10  Diaz two separate invoices, under different account numbers, each demanding payment of

11  $68,770.31, which plaintiffs claim was done with actual or constructive notice of the prior

12  judgment and IRS cancellation of debt form.  Id. ¶ 15.  Because these invoices were sent via

13  mail, plaintiffs allege that defendants used the mail to carry out their fraudulent scheme to

14  collect a double recovery on an invalid debt.  Id. ¶¶ 18, 22-23.  Plaintiffs additionally claim that

15  defendants have threatened and attempted to sell their property.  Id. ¶ 25.  On the basis of these

16  allegations, plaintiffs bring claims for mail and wire fraud, 18 U.S.C. §§ 1314, 1343; civil claims

17  under the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1962; claims

18  of fraud in violation of 18 U.S.C. §§ 1001, 1005; and state law claims for fraud and civil

19  conspiracy.  Dkt. # 1 ¶¶ 34-81.

20         Plaintiffs seek declaratory relief in the form of an order permanently enjoining

21  defendants, and any successors in interest, from attempting to enforce DOT '838 or Deed of

22  Trust No. 200509220837 (DOT '837).  Dkt. # 10-3 at 30.  Plaintiffs additionally seek actual

23  _____

24     [1] The Court also takes this opportunity to clarify that while its previous order (Dkt. # 18) may
25  have suggested otherwise, it has never concluded that the deed of trust at issue (Snohomish County
    Auditor's File No. 200509220838) was void and unenforceable, but instead has only concluded that
26  defendant AAMES is precluded from pursuing its interest in the property.  See C13-217RSL Dkt. ## 17,
    28.
27
28  ORDER DENYING PLAINTIFFS'
    MOTION FOR SUMMARY JUDGMENT - 2

1   damages in an amount equal to the face value of their property; actual damages in an amount

2   equal to the face value of the note held by Right Angle Ridge, LLC, for which plaintiff Harry

3   Beggs is the sole loan servicing agent; and additional statutory, compensatory, and punitive

4   damages.  Id. at 28-30.

5        The Court denied plaintiffs' motion for entry of default judgment against AAMES.  Dkt.

6   # 18.  In this motion, plaintiffs seek summary judgment against Green Tree.  Dkt. # 10.

7                                      **DISCUSSION**

8   **A.  Legal Standard**

9        Summary judgment is appropriate if, viewing the evidence in the light most favorable to

10  the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact

11  and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); L.A. Printex

12  Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012).  The moving party "bears the

13  initial responsibility of informing the district court of the basis for its motion."  Celotex Corp. v.

14  Catrett, 477 U.S. 317, 323 (1986).  It need not "produce evidence showing the absence of a

15  genuine issue of material fact" but instead may discharge its burden under Rule 56 by "pointing

16  out . . . that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

17  Once the moving party has satisfied its burden, it is entitled to summary judgment if the

18  nonmoving party fails to designate "specific facts showing that there is a genuine issue for trial."

19  Id.  "The mere existence of a scintilla of evidence in support of the non-moving party's position

20  is not sufficient"; the opposing party must present probative evidence in support of its claim or

21  defense.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel

22  Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  "An issue is

23  'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could

24  find for the nonmoving party."  In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (internal

25  citations omitted).

26

27  ORDER DENYING PLAINTIFFS'
28  MOTION FOR SUMMARY JUDGMENT - 3

**B.  Validity of Underlying Debt**

The Court previously ordered that defendant AAMES is precluded from pursuing its interest in the property as the named beneficiary of DOT '838.  See C13-217RSL Dkt. # 17.  The Court has not made a ruling regarding DOT '837.  See id. Dkt. # 28.  At no point has the Court ruled that plaintiffs' underlying debt obligation was extinguished for either deed of trust.  Therefore, the Court's prior order granting default judgment against AAMES is not evidence that plaintiffs no longer owe a debt on the note.  Furthermore, as the Fourth Circuit has persuasively reasoned, an IRS Form 1099-C filled out by a creditor, standing alone, is not competent evidence that a debt has been cancelled.  FDIC v. Cashion, 720 F.3d 169, 180-81 (4th Cir. 2013) (affirming summary judgment against borrower who claimed debt had been cancelled where only evidence was a Form 1099-C completed by his creditor, finding this insufficient evidence that the debt had been discharged).  Plaintiffs therefore have not set forth evidence to support their claims that both of the invoices they received were deceptive or misleading.

**C.  Claims Related to Invoices**

Plaintiffs claim that Green Tree's invoices attempted to recover twice on the same cancelled debt.  Even assuming that one of the invoices falsely stated the debt that plaintiffs owed (and was not in fact referring to a separate valid note), sending one false invoice cannot constitute a "pattern" of racketeering activity that would support their RICO claim.  See 18 U.S.C. § 1961(5) (a pattern for RICO purposes must consist of at least two acts occurring within a ten-year period).  Similarly, if the Court were to assume that attempting to collect twice on a valid debt may be fraudulent, plaintiffs have not shown that either invoice proximately caused plaintiffs to suffer a loss, as is required for a RICO claim.  Canyon Cty. v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008).  Nor have plaintiffs shown that they were ignorant of the invoice's falsity, relied on misrepresentations therein, and were damaged as a result, as is required for a common law fraud claim.  Stiley v. Block, 130 Wn.2d 486, 505 (1996).  Furthermore, as the Court explained in its previous order denying default judgment, plaintiffs

ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT - 4

1  have offered no probative evidence that AAMES and Green Tree engaged in an "enterprise" or

2  even conspired against plaintiffs.  Dkt. # 18 at 7-8, 13-14.

3  **D.  Claims Related to Interest in Property**

4          Apparently in support of their fraud and RICO claims, plaintiffs allege that Green Tree

5  falsely represented to the public that it had the right to foreclose on and hold a trustees' sale of

6  plaintiffs' property, and suggest that this deceptive conduct furthered a scheme to defraud.  Dkt.

7  # 10-3 at 25.  Plaintiffs seek to enjoin defendants from attempting to sell their property and also

8  allege that Green Tree made misrepresentations that hurt their property value.  Id. at 27, 30.

9  Setting aside whether plaintiffs must support these allegations with more specific evidence than

10  they have provided, plaintiffs have not sufficiently shown that Green Tree lacks a valid interest

11  in their property.  Plaintiffs seek a declaration that multiple deeds of trust relating to their

12  property are void, apparently on the misapprehension that the Court previously made such a

13  ruling.  Id. at 30.  As explained above, the Court has not invalidated either deed of trust, and

14  plaintiffs have not presented evidence demonstrating that Green Tree does not have the ability to

15  enforce either deed of trust (DOT '837 and DOT '838).

16  **E.  Claims Addressed in Order Denying Default Judgment (Dkt. # 18)**

17          The Court previously found that plaintiff Beggs lacks standing to be a plaintiff in this

18  action.  Dkt. # 18 at 5-6.  The Court also held that plaintiffs may not assert claims under criminal

19  statutes such as 18 U.S.C. §§ 1001, 1005, 1341, and 1343.  Dkt. # 18 at 13.

20                                            **CONCLUSION**

21          For the foregoing reasons, the Court DENIES plaintiffs' motion for summary judgment.

22  Plaintiff Beggs is DISMISSED with prejudice, as are plaintiffs' claims for violations of 18

23  U.S.C. §§ 1001, 1005, 1341, and 1343.

24  //

25  //

26  //

27
    ORDER DENYING PLAINTIFFS'
28  MOTION FOR SUMMARY JUDGMENT - 5

1    DATED this 18th day of March, 2016.

2

3

4

                            Robert S. Lasnik
5                           United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER DENYING PLAINTIFFS'
     MOTION FOR SUMMARY JUDGMENT - 6