UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORIO G. DIAZ, MARIA T. DIAZ, AND HARRY BEGGS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GREEN TREE SERVICING LLC AND AAMES FUNDING CORPORATION DBA AAMES HOME LOAN,<br><br>　　　　　Defendants. | NO. C15-359RSL<br><br>ORDER GRANTING IN PART GREEN TREE SERVICING LLC'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendant Green Tree Servicing LLC's motion for summary judgment, Dkt. # 23. Having reviewed the parties' briefing and the remainder of the record, the Court finds as follows.

**BACKGROUND**

Plaintiffs filed this action to enforce the default judgment they obtained in <u>Diaz v. Argent Mortgage Co., LLC, *et al.*</u>, C13-217RSL Dkt. ## 17, 28. In <u>Diaz v. Argent</u>, plaintiffs sought to quiet title to their property located at 17119 Meadowdale Drive, Lynnwood, Washington 98039 and an order declaring that the deed of trust that identified Aames as a beneficiary (Snohomish County Auditor's File No. 200509220838 (DOT '838)) was invalid and unenforceable. <u>Id.</u> Plaintiffs obtained a default judgment that held that "AAMES is precluded from pursuing any interest in the property" under that deed of trust. C13-217RSL Dkt. # 17.

In this action, plaintiffs claim that defendants Aames and Green Tree have conspired to

ORDER GRANTING IN PART GREEN
TREE'S MOTION FOR SUMMARY JUDGMENT - 1

collect on the note associated with the deed of trust, alleging that the note is invalid and that the debt has been discharged.  In support of this position, plaintiffs assert that this Court's 2013 default judgment against Aames voided the note and that on May 5, 2014, the loan servicer for the note sent plaintiffs Diaz an IRS Form 1099-C acknowledging a cancellation of debt in the amount of $68,770.31. Dkt. # 1 (Compl.) ¶¶ 7, 10, Ex. 2.  Plaintiffs further claim that after default judgment had been entered and plaintiffs had been sent the IRS form, Aames sold the note and deed of trust to Green Tree. Id. ¶ 11.  On February 19, 2015, Green Tree sent plaintiffs Diaz two separate invoices, under different account numbers, each demanding payment of $68,770.31, which plaintiffs claim was done with actual or constructive notice of the prior judgment and IRS cancellation of debt form. Id. ¶ 15.  Because these invoices were sent via mail, plaintiffs allege that defendants used the mail to carry out their fraudulent scheme to collect a double recovery on an invalid debt. Id. ¶¶ 18, 22-23.  Plaintiffs additionally claim that defendants have threatened and attempted to sell their property. Id. ¶ 25.  On the basis of these allegations, plaintiffs brought claims for mail and wire fraud, 18 U.S.C. §§ 1314, 1343; civil claims under the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1962; claims of fraud in violation of 18 U.S.C. §§ 1001, 1005; and state law claims for fraud and civil conspiracy.  Dkt. # 1 ¶¶ 34-81.

   The Court denied plaintiffs' motion for entry of default judgment against Aames (Dkt. # 18) and denied plaintiffs' motion for summary judgment (Dkt. # 27).  Green Tree moved for summary judgment on all claims against it and additionally sought judgment that plaintiff Harry Beggs lacks standing. Dkt. # 23 at 1.  Since Green Tree filed its motion, the Court has dismissed Beggs as well as plaintiffs' claim for violations of 18 U.S.C. § 1001, 1005, 1341, and 1343 (claims four, five, and six of plaintiffs' complaint). Dkt. # 27 at 5.  Therefore, the Court will address Green Tree's arguments for summary judgment on the remaining claims: violation of the Racketeer Influenced and Corrupt Organization Act (RICO); fraud, and civil conspiracy.

ORDER GRANTING IN PART GREEN
TREE'S MOTION FOR SUMMARY JUDGMENT - 2

**DISCUSSION**

**A. Legal Standard**

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It need not "produce evidence showing the absence of a genuine issue of material fact" but instead may discharge its burden under Rule 56 by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to designate "specific facts showing that there is a genuine issue for trial." Id. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient"; the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party." In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (internal citations omitted).

**B. RICO Claims**

Plaintiffs plead three RICO claims in their complaint under 18 U.S.C. §§ 1962(b), 1962(c), and 1962(d). In order to make out a claim under any of these RICO provisions, plaintiffs must show that Green Tree has engaged in a "pattern of racketeering activity." See Durning v. Citybank, Int'l, 990 F.2d 1133, 1138 (9th Cir. 1993); 18 U.S.C. § 1962. A "'pattern of racketeering activity' requires at least two acts of racketeering activity" within a ten year period. 18 U.S.C. § 1961(5).

In opposition to Green Tree's motion for summary judgment, plaintiffs offer two invoices, one of which is allegedly duplicative, and an IRS Form 1099-C. Dkt. # 25 at 48-54. As the Court previously noted, a Form 1099-C alone is not competent evidence that a debt has been cancelled. See FDIC v. Cashion, 720 F.3d 169, 180-81 (4th Cir. 2013) (affirming summary judgment against borrower who claimed debt had been cancelled where only evidence was a Form 1099-C completed by his creditor, finding this insufficient evidence that the debt had been discharged). Because plaintiffs have not established that the underlying debt on which Green Tree sought to collect was invalid, at most one of the two invoices sent by Green Tree could have been a false statement of the debt plaintiffs owed. Again, as the Court previously explained, sending one false invoice cannot constitute a "pattern" of racketeering activity, as is required for plaintiffs' RICO claims. See 18 U.S.C. § 1961(5). Moreover, plaintiffs have presented no evidence that either invoice proximately caused them to suffer a loss, as is required for a RICO claim. Canyon Cty. v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008). The Court therefore grants Green Tree's motion for summary judgment on plaintiffs' RICO claims (claims 1-3 of the complaint).

**C. Fraud**

To succeed on their fraud claim, plaintiffs must establish by "clear, cogent and convincing evidence" the following nine elements: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." Stiley v. Block, 130 Wn.2d 486, 505 (1996). Plaintiffs have not presented competent evidence that the invoices falsely represented the amounts they owed, that Green Tree knew it was making false statements, that plaintiffs were ignorant of the alleged falsity, that plaintiffs relied in some way on the invoices, or that plaintiffs suffered damages as a result of being sent the invoices. Green Tree, however, has presented evidence demonstrating

that plaintiffs cannot sustain their fraud claim: Green Tree has not received any money from the Diazes.  Dkt. # 24 (Declaration of Peter Dalpiaz) ¶ 7.  Because plaintiffs have not presented specific facts demonstrating that there is a genuine issue for trial on their fraud claim, Green Tree's motion for summary judgment as to claim seven is granted.

**D.  Civil Conspiracy**

In order to state a claim for civil conspiracy, plaintiffs must demonstrate "(1) that two or more parties combined to accomplish an unlawful purpose or combined to accomplish a lawful purpose by unlawful means, and (2) the conspirators entered into an agreement to accomplish the conspiracy."  Flying Eagle Espresso, Inc. v. Host Int'l Inc., 2005 WL 2318827, at *9 (W.D. Wash. Sept. 22, 2005), amended on denial of reconsideration, 2005 WL 2372661 (W.D. Wash. Sept. 27, 2005).  Green Tree pointed out the absence of evidence supporting plaintiffs' civil conspiracy claim, including the lack of evidence showing that Green Tree had any connection to Aames or Nationstar or even communicated with Aames or Nationstar regarding the property at issue.  Dkt. # 23 at 13.  Plaintiffs have offered only unsupported arguments in response, which is insufficient to avoid summary judgment on their conspiracy claim.  See Dkt. # 25 at 35.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Green Tree's motion for summary judgment (Dkt. # 23) as to claims 1-3 and 7-8 of plaintiffs' complaint.  Because the Court previously dismissed Beggs and claims 4-6, Green Tree's motion for summary judgment on those points is DENIED as moot.  As a result of the Court's previous order and the current order, all claims against Green Tree are DISMISSED.

DATED this 7th day of April, 2016.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART GREEN
TREE'S MOTION FOR SUMMARY JUDGMENT - 5